MACKUBIN & EDGERTON, Appellants, vs. ROBERT SMITH, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The Statute of this State provides for the service of a summons by publication, in certain cases, "when the Defendant, after due diligence, cannot be found within the State, and when *that fact appears by affidavit*, to the satisfaction of the Court." The words "appears by affidavit," mean that such legal evidence, going to establish the fact, must be given, as would be received in the ordinary course of judicial proceedings, and not conclusions, opinions or hearsay. The affidavit should detail all that has been done by the deponent in endeavoring to obtain personal service upon the Defendant, and should be sufficiently strong to raise at least a *prima facie* case that the Defendant is out of the State. If the affidavit contains no facts or circumstances at all that would be allowed in evidence upon an issue of fact joined, upon the absence of the Defendant, it does not satisfy the Statute, and the Court obtains no jurisdiction of the case. A Defendant may be relieved from a judgment obtained against him, where the order for the service of the summons by publication was based upon an insufficient affidavit, without alleging a meritorious defence.

Points and authorities of Appellants:

I.—The order of publication was granted by the Clerk of the Court, who was authorized by law to grant the same. *Laws of* 1858, *chap.* 11, *page* 25.

The granting of the order upon the affidavit was in the discretion of the Clerk, and cannot be vacated or set aside by another officer of the same Court, after rights have been acquired under such order. Especially is this the case when no new facts are made to appear, and no injustice or hardship shown, and the motion to vacate the order, and proceedings

had in pursuance thereof, is based upon the affidavit on which the proper officer of the Court originally granted the order of publication. 7 *How. Pr. Rep., Roche vs. Ward*, *page* 416.

The proceedings and records of a Court should not be vacated upon technicalities alone, when it fully appears that no injustice has been done any party.

II.—The affidavit upon which the order of publication was granted, disclosed that the Defendant was a resident of Alton, in the State of Illinois, and could not be found in this State with due diligence, and contained all the other requisites prescribed by law. These facts make out a *prima facie* case that the Defendant was absent from this State, and in such a case there is no reason for giving the process to a Sheriff and getting his return that he cannot find the Defendant in his county; the case would be made no stronger by such a return. 3 *How. Pr. Rep., Rawdon vs. Corbin, page* 416; 5 *How. Pr. Rep., Vernam vs. Holbrook, page* 3. The Defendant does not claim that he was not at his residence, or that he was at any other place than his residence, at the time of the granting of the order of publication, and does not deny that he received the summons and complaint mailed and directed to him to that place, and does not deny that he was advised of the commencement of said suit, and of all the proceedings therein.

III.—The Defendant has a right to come in and contest the Plaintiff's claim, or any part of it, without setting aside the judgment. *Carswell vs. Neville*, 12 *How*. 445.

Points and authorities of Respondent:

The judgment entered in this case was void because there was no personal appearance of the defendant, nor any lawful service of the summons. The order of publication and all proceedings under it, were irregular and void, because the *fact* that the defendant, *after* due diligence, could not be found within the State, did not appear at all, nor was there any pretence whatever that such fact existed. The excuse set forth for not making any search or diligence is not provided for by the Statute, however good it may be in itself, and the

statement that the Defendant cannot, *with* due diligence be found, &c., is a mere evasion, and not a compliance with the Statute. *Rev. Stat.*, 538; *Voorhies' Code*, 126, 127, *&c.*, and cases there cited.

The affidavit of the Respondent, filed and used in the Court below, upon the motion to set aside the judgment, shows that he could have been found *with* due diligence, and was sufficient to warrant the Court below, in its discretion, to set aside the judgment, even if it were not absolutely void.

In regard to the question of laches which was raised for the first time on the argument,—See *Adams vs. Richley*, 19 *Wend.* 108; *and* 3 *Denio*, 257; 1 *Hill*, 130; 4 *Denio*, 118.

The record must show the Defendant before the Court by service of process or voluntary appearance, and if it does not, no question of laches can arise. No negligence can confer jurisdiction or make a void judgment valid. Even if it could in this case, Smith's delay was not unreasonable for one who was all the time absent from the State, and who had no knowledge of the judgment.

SANBORN & LUND, Counsel for Appellants.

MASTERSON & SIMONS for Respondent.

*By the Court*—FLANDRAU, J. Appeal from order vacating and setting aside judgment entered upon service of summons by publication. The affidavit upon which the order for publication was granted, stated "That a summons had been issued in said action. That a cause of action existed on the part of the Plaintiffs against the Defendant, and that the said Defendant, Robert Smith, cannot, with due diligence, be found within the State, but is a resident of Alton, in the State of Illinois, and has property within the limits of this State, and that the action is upon contract," &c.

Upon the motion to set aside the judgment, an affidavit of the Defendant was read, which was designed to show that if proper diligence had been used by the Plaintiff, personal service might have been made. The Plaintiffs also read a counter affidavit on the motion, the material portion of which is in substance as follows: That the deponent took the sum-

mons into his possession and made diligent search and inquiry for said Defendant, Robert Smith, and was unable to find him, but was informed that said Smith had departed from the State of Minnesota, and had gone to his home in the State of Illinois.

The Statute allows the summons to be served by publication, " when the Defendant, after due diligence, cannot be found within the Territory" (State), and when *that fact appears by affidavit*, to the satisfaction of the Court, &c., " in either of the following cases," among which is " when the defendant is a non-resident of the Territory (State)," &c. In the present case it was necessary that the following leading facts should have been made to appear to the satisfaction of the Court or Clerk who allowed the order; 1st, That the Defendant was a non-resident of the State; and, 2d, that after due diligence having been exercised, he could not be found within the State. It was not sufficient that the Defendant should be a non-resident. He may reside without the limits of the State, and still be within them at the time suit is commenced, and if he is in the State he is entitled to a personal service.

The words, " *appear by affidavit*," have had a construction placed upon them by this Court, in the case of *Curtis vs. Moore*, 3 *Minn. R.* 29, which arose upon an application for an attachment under the Justices' Act, in considering which the comparison was made between the two acts authorizing an attachment in the District Court and in the courts of Justices of the Peace, and we held that the words *appear by affidavit*, meant that such legal evidence going to establish the fact must be given as would be received in the ordinary course of judicial proceedings, and not conclusions, opinions, or hearsay. The affidavit must contain a statement of the facts and circumstances upon which the applicant bases his belief of the truth of what he wishes to establish. It must be so full that the officer to whom it is presented may find, upon the evidence contained in it, that the facts exist satisfactorily to his mind.

What facts or circumstances were contained in the affidavit in this case, upon which the officer could have decided that

due diligence had been exerted to find the Defendant within the State? All that is stated upon the subject is simply that " the Defendant cannot, with due diligence, be found within the State." This statement does not even show that a single effort had been made to find him, either by enquiry or otherwise. The Deponent says that the Defendant could not be found even if he should look for him. This is the fair meaning of the words used; but even if they should be understood as stating that the Deponent had used due diligence, they present nothing save his opinion for the officer to decide the fact upon. What the Deponent might consider due diligence in a given case, might fail entirely to satisfy the officer of the fact, should the acts constituting the diligence have been made to appear.

The affidavit read in opposition to the motion, if it was properly received, was very little better than the one we have been discussing. In this he says that he made diligent search and inquiry for the Defendant, and was unable to find him, but was informed that he had departed from the State and gone to Illinois. I can see no difference between the statement that he had made diligent search and enquiry, and that he had used due diligence. Both statements are merely the opinion of the witness upon the question that it is made the duty of the officer to decide. In the last affidavit he says he was informed that the Defendant had left the State. Who was his informant, and what were his means of knowledge upon the subject? Had the fact been stated it might have turned out to be the Plaintiffs or their attorneys who gave him the information, or some one who had casually heard the fact stated, possessing no knowledge on the subject himself. It is manifest that such loose allegations as these were never designed to be the evidence upon which the officer was to find facts involving men's rights and property.

The affidavit should detail all that has been done by the Deponent in endeavoring to obtain personal service upon the Defendant, and should be sufficiently strong to raise at least a *prima facie* case that the Defendant is out of the State. If the affidavit contains no facts or circumstances at all that would be allowed in evidence, upon an issue of fact joined

upon the absence of the Defendant, it does not satisfy the statute, and the Court obtains no jurisdiction of the case. The order may as well be issued without any affidavit, as upon one which contains no evidence.

The counsel for the Appellant urges that the Defendant should be compelled to show that he had not received the summons, or had in some way been injured by the proceeding against him, or that he has some defence to the merits of the action, before he is allowed to attack the judgment. This application is based upon an alleged irregularity in the proceedings of the Plaintiff, and in all such cases the applicant demands a right instead of craving a favor. Every Defendant may insist that legal proceedings against him shall be conducted regularly, and according to law and the practice of the courts, as well where he has a defence upon the merits as where he suffers a default to pass against him, and he is never obliged to disclose merits, or allege excuses, (except, perhaps, unreasonable delay,) when he assails his adversary's proceedings for irregularity or informality. It is only in those cases where he has committed the error against which he seeks relief, that he comes into court as a supplicant for favor, and then the Court will oblige him to make such a showing as will both excuse his own conduct, and make it apparent that justice will not obtain unless he is relieved ; and in granting relief in such cases, the Courts will always see that it is not at the sacrifice of any rights of the party who stands fair upon the record. This case presents no feature of that kind, but is strictly a question of irregularity if not of jurisdiction, and the Court was right in granting the motion.

Order affirmed.