## Thomas Harrington vs. Arphaxed Loomis et al.

The rule as to the requisites of affidavits for publication of summons, laid down in *Mackubin & Edgerton vs. Smith*, 5 *Minn.*, 267, applied and followed.

In August, 1859, defendant, Arphaxed Loomis, commenced a suit in the District Court for Olmsted county, against plaintiff and one Stephen Breden. An order was procured for the service of the summons by publication, upon affidavits, and the summons was so served. On the 14th day of October, 1859, judgment was entered on failure to answer, in favor of the plaintiff in said action; execution was issued and the real estate of said Harrington sold thereunder to Hiram T. Horton. The plaintiff, Thomas Harrington, commenced this action against said Loomis and Horton to set aside said judgment, as to himself, and all proceedings thereunder. The defendants in this action answered and plaintiff replied, and the issues thus formed were tried before the Court,

without a jury, and the Court found and decided that the Court never acquired jurisdiction of the person of Harrington in the said former action, by reason of the insufficiency of the affidavits of publication, and judgment was rendered in favor of the plaintiff, from which judgment the defendants appeal to this Court. The contents of the said affidavits sufficiently appear in the opinion of the Court.

SMITH & GILMAN for Appellants.

L. BARBER for Respondent.

*By the Court*—BERRY, J.—On the 14th day of October, 1859, a judgment on failure to answer was entered up in the District Court for Olmsted county, against Harrington and one Breden, in favor of Arphaxed Loomis.

The summons in the action was served by publication, as upon non-resident defendants. Harrington did not appear. Execution was issued upon the judgment, and real estate of Harrington sold thereunder to the appellant Horton. The present action is brought by the respondent to set aside the judgment as to himself, and all proceedings under it, and by the judgment of the Court below this relief was granted. From this latter judgment an appeal is taken to this Court. To dispose of the case it is only necessary to consider one point.

As a prerequisite to the granting of an order for publication of summons in an action against a non-resident defendant, the statute in force when the order in question was granted required that it be made to *appear* by affidavit that " after due diligence the defendant cannot be found within the" State. The affidavits of Leonard and Head are relied upon as a compliance with this requirement of the statute. Neither of these affidavits contains a positive averment of the place of residence of Harrington.

The affidavit of Leonard states " that he has seen and read a letter received by mail by his, this deponent's, law partner, *within a few days past*, having the post mark of the post office at

Mount Helicon, Franklin county, Missouri, and dated at that place, and *purporting* to have been written at that place by the defendant, Thomas Harrington; that this deponent's law-partner is the agent of both said defendants, and said letter last mentioned as so received was directed to-him and concerned the said Harrington's business in this county, and this deponent verily believes that said Harrington wrote the same, and that he is now at Mount Helicon aforesaid."

This affidavit does not identify Harrington's hand writing, nor are the facts stated at all inconsistent with Harrington's residence or presence in this State at the date of the affidavit.

The affidavit of Head states "that the defendants in this action cannot be found after due diligence within this State, that he has made diligent inquiry, and learns, and is informed and believes that Thomas Harrington resides and is now at Mount Helicon, Franklin county, Missouri."

The other affidavit of Head adds nothing substantial.

We deem it unnecessary to discuss the merits of these affidavits. They are clearly insufficient to confer jurisdiction to grant the order for publication within the rule laid down in *Mackubin and Edgerton vs. Smith*, 5 *Minn.*, 317. That case was decided while the law under which the order in this case was granted, and which is now substantially changed, was in force. We simply follow the decision there made to the extent of holding that in consequence of the insufficiency of the affidavits to confer jurisdiction to grant the order of publication, the publication of the summons did not give the Court jurisdiction of the person of Harrington, and so the judgment and subsequent proceedings were properly set aside.

Judgment affirmed.