WILLIAM GEMMELL

*vs.*

EDMUND RICE AND WIFE.

A judgment of a court of general jurisdiction regular in form is presumed valid until the contrary is made to appear. And the summons having been served by the publication thereof, it is presumed that the order for such service was based on a sufficient affidavit. The evidence required to overcome such presumption considered.

The plaintiff, whose grantor was the purchaser of certain lands at a mortgage foreclosure sale, brought this suit in the District Court for Ramsey county, in August, 1866, asking, for reasons set forth in his complaint, to be allowed to redeem said premises from a subsequent sale thereof under a prior mortgage. The cause was tried before the Court without a jury. The material facts as found by the Court are substantially as follows: On the 1st day of September, 1854, the defendant Edmund Rice was seized in fee of the south-east quarter of section 31, in township 29, of range 22 west, situated in Ramsey county, Minnesota. On that day the defendants mortgaged the same with other real estate to Joseph Miller, Jr., to secure the payment of certain moneys. On the 3d day of December, 1857, the defendants executed to the plaintiff a mortgage on said quarter section to secure the payment to him of certain moneys. On the 22d day of February, 1859, plaintiff assigned his mortgage to C. Edward

Habicht. Default being made in the condition of this mortgage, Habicht foreclosed the same and bid in the mortgaged premises at the foreclosure sale on the 23d day of May, 1859. No person has redeemed or offered to redeem said mortgaged premises from this sale. On the 27th day of June, 1865, Habicht sold and conveyed said premises to the plaintiff. On the 29th day of April, 1857, said Joseph Miller, Jr., assigned his mortgage to Theodore P. Sheldon and Horace Mower. On the 8th day of October, 1859, said Sheldon and Mower instituted a suit in said Court for the foreclosure of the Miller mortgage; in said suit the defendants in this action, and the said Habicht and others were made defendants. The defendants, Rice and wife, were personally served with summons, and the said Habicht by publication. On the 13th day of February, 1860, a decree was made in said action adjudging a large amount due the plaintiffs therein, and that the mortgaged premises (the said quarter section and other lands), be sold to satisfy the same, and that the equity of redemption of the defendants therein and those claiming under them should be by such sale forever barred and foreclosed. Pursuant to such decree on the 13th day of October, 1860, the mortgaged premises were sold at public vendue in separate parcels, and the said quarter section was bid off and sold to one Samuel Mayall. Afterwards on the same day said Mayall conveyed said quarter section to William S. Cox, who on the same day conveyed the same to Samuel G. Sloan, who on the same day conveyed the same to defendant, Anna M. Rice. The sale under the decree was confirmed November 21, 1860, and the defendants are in possession. Before the commencement of this action plaintiff tendered to defendant Anna M. Rice a sufficient sum of money to redeem said premises and demanded of defendants a conveyance. The defendant refused to acccept such tender, or execute the conveyance. The

foreclosure by Habicht was conducted by R. B. Galusha as his attorney, who then was and ever since has been an attorney of said Court. On the 18th of May, 1860, the said R. B. Galusha served upon the attorney for the plaintiffs in the action brought to foreclose the Miller mortgage a notice in writing, setting forth that the said Habicht had an interest in a portion of the land included in the said mortgage, and demanded that that portion of the said land upon which the said Habicht had no claim should be first sold under the decree. This notice was signed R. B. Galusha, attorney for C. Edward Habicht, in the proper handwriting of the said Galusha. On the 21st of November, 1860, a stipulation was filed in said action, signed by said R. B. Galusha as the attorney for the said Habicht, and by the attorney for the plaintiffs therein, stipulating that the said plaintiffs might forthwith apply to said Court for a confirmation of the sale in said action, waiving notice of application therefor, and providing that the said order of confirmation should have the same effect as if made on the usual application to the Court in term. Save as above stated there was no appearance in said action by said Habicht. Upon these facts the Court refused to grant the relief sought, and a judgment of dismissal was entered. The plaintiff filed his bill of exceptions, signed and settled by the Court, and appealed from the judgment entered below to this Court.

One of the points urged upon the appeal was that the Court below erred in finding that the summons in the suit to foreclose the Miller mortgage was served on Habicht by publication, because the affidavit on which the order for publication was based was defective, in that " no diligence to find Habicht is shown, nor is any fact stated showing that he was not within the State at the time," or a resident of the State. The only affidavit of publication in the judgment roll, which was

read in evidence, was that of Geo. L. Otis, Esq., attorney for plaintiffs in said action, and the statements of this affidavit in that regard are, that defendants " C. Edward Habicht * * * can not nor can either or any of them after due diligence be found within the State of Minnesota.   And deponent is informed and verily believes that said defendants are all of them non residents of this State ; that deponent does not know where the residence of any of said defendants is."   This affidavit was made before the Judge of said Court on the day the order for publication was granted.

ALLIS & WILLIAMS for Appellant.

MASTERSON & SIMONS for Respondents.

*By the Court*—WILSON, Ch. J.—If in the suit to foreclose the Miller mortgage Habicht was served with the summons, he became subject to the jurisdiction of the Court, and is bound by its judgment; and the plaintiff, standing in his shoes, cannot maintain this action.   That judgment being regular in form, and having been rendered by a court of general jurisdiction, is presumed to be valid until the contrary is made to appear, and this presumption—entertained in favor of the judgment of every court of general jurisdiction—is strengthened by the facts and circumstances surrounding this case.   The Court below, having tried this cause without a jury, found and decided as a matter of fact, that R. B. Galusha was on the 18th day of May, 1860, ever since has been and now is, an attorney of this Court; "that on the 18th day of May, 1860, the said Galusha served on the attorney for the plaintiffs in said action brought to foreclose the said mortgage, executed and delivered by the said defendants to Joseph Miller, Jr., a notice in writing, setting forth that

the said Habicht had an interest in a portion of the land in the said mortgage and in the decree in the said action, and demanded that that portion of the said land upon which the said Habicht had no. claim, should be 'first sold under the said decree, and before resorting to that portion of the premises which was included in his mortgage, and which had been foreclosed by him; that the said notice was signed by R. B. Galusha, attorney for C. Edward Habicht, in the proper handwriting of the said Galusha; that on the 21st day of November, A. D. 1860, a stipulation was filed in the said action, * * signed by said R. B. Galusha as the attorney for the said Habicht, and the attorney for the plaintiffs therein, stipulating that the said plaintiffs might forthwith apply to the said Court for a confirmation of the sale in the said action, waiving notice of application therefor, and providing that the said order of confirmation should have the same effect as if made on the usual application to the Court in term; that save as above stated, there was no appearance in said action by the said Habicht."

It is not to be presumed that Galusha assumed to act without authority, and his acts are therefore to be considered the acts of Habicht. These written demands and stipulations of Habicht in that action show not only that he was aware of the proceedings against him, but that he considered those proceedings binding on him. It will be observed, too, that these are not the unguarded acts of one not learned in the law, for he spoke and acted only through his legal adviser. He thus tacitly admitted that the Court had acquired jurisdiction, so as to have the right to bind him by its adjudications in that action.

The presumption that the Court had acquired jurisdiction of Habicht, which arose from the rendition of the judgment against him, and which was strengthened by the length of

Gemmell v. Rice and Wife.

time which the judgment had stood unquestioned (it was rendered more than six years before this action was commenced), and by his implied admissions, could not be overcome, except by the most clear and convincing evidence to the contrary. Such evidence the plaintiff did not adduce.

.If we follow the earlier decisions of this Court, we think the affidavit of Geo. L. Otis, Esq., found in the judgment roll, can not be held sufficient to warrant the Court in ordering a service of the summons by publication in that action, and therefore we hold that affidavit insufficient. And we think it may fairly be presumed from the fact that it and no other affidavit is found in the judgment roll, and that it appears to have been made before the Judge on the same day on which he ordered the publication of the summons, that the order of the Judge was based on it alone. But it was not sufficient for the plaintiff to raise such a reasonable presumption. It was for him, having the affirmative of the issue, to overcome what we consider a stronger presumption. Every person familiar with the practice under the laws in force in 1860, must remember that it was not uncommon for the Judges, on an application for an order of publication, to require a new or supplemental affidavit, if the one presented as the basis of the order was deemed insufficient. Nor was it uncommon to apply for such order on more than one affidavit, or, after the order had been granted, to make, when possible to do so, personal service on the defendant. The plaintiff has relied solely on the presumption that the judgment roll contains all the affidavits, and the proof of any service that may have been made. This we think would be a fair and reasonable presumption, in the absence of any evidence or presumption to the contrary; but it was for the Court below to say whether it was sufficient to overcome the presumptions and evidence in favor of the judgment. The Court

passed on this question, and we think rightly decided against the plaintiff. The ground on which the judgment in that action is attacked, is not that it is unjust. The plaintiff's grantor had full notice of the proceedings as they transpired, and the error alleged and complained of did not in any respect prejudice him. The property sold under the mortgage has since the sale passed through several hands. Under these circumstances, the plainest dictates of justice, and the teachings and maxims of both law and equity, forbid the Courts, on doubtful evidence, to declare void a judgment on which the rights of many innocent persons may depend, in favor of a party who has so long slept on his rights. These views are not inconsistent with the decision in *Mackubin & Edgerton vs. Smith*, 5 *Minn.*, 367. In that case a motion was made in the same action to vacate the judgment, and it was not questioned but that the publication of the summons—which was the only service claimed—was ordered on the affidavit presented to the Court. The case of *Harrington vs. Loomis et al.*, 10 *Minn.*, 366, is also distinguishable from this, for in that case it appeared that there was no service of the summons except by publication, and that the publication was ordered on the affidavits in the judgment roll referred to in the opinion of the Court.

While we do not here question these cases, we think the Courts can not safely go further in the direction which they tend.

Judgment affirmed.