[No. 1842.  Decided November 22, 1895.]

FRANCIS E. SCOTT *et al.*, *Respondents*, v. THE RAINIER POWER AND RAILWAY COMPANY, *Respondent*, M. F. BACKUS, *Receiver, Appellant.*

RECEIVERS — PERFORMANCE OF EXECUTORY CONTRACTS OF CORPORATION.

A receiver appointed to conduct the business of a corporation pending an action, is not liable as such receiver in an action for damages for his refusal to perform an executory contract of the corporation.

The provisions of 24 U. S. St. at Large 554, §§ 2, 3, providing that a receiver appointed to conduct the business of a corporation pending an action in a United States court, shall manage the property according to the requirements of the valid laws of the state in which the property is situated, in the same manner as the owner would be bound to do, applies only to things occurring while the receiver is in possession and does not make him responsible for liabilities growing out of contracts entered into before his appointment.

Appeal from Superior Court, King County.— Hon. T. J. HUMES, Judge.  Reversed.

*Lichtenberg, Shepard & Lyon,* and *Bausman, Kelleher & Emory,* for appellant.

*E. P. Dole,* for respondents.

The opinion of the court was delivered by

HOYT, C. J.—The Rainier Power and Railway Company, a domestic corporation, on the 21st day of December, 1892, entered into a written agreement with Francis E. Scott, (who subsequently entered into partnership with T. J. Hartley, who acquired an interest in said agreement) whereby it was agreed that said Scott was to cut from a certain tract of land and deliver to the Rainier Power and Railway Com-

pany saw logs of suitable length, as said corporation from time to time should order, at a certain stipulated price. These logs were to be used in a mill, which, as a part of the property of the corporation, was operated by it. On June 13, 1893, pending the determination of a suit in the United States circuit court, for the District of Washington, the appellant was appointed receiver of the corporation with directions to operate and continue its business pending said suit, and he ever since that date has been and now is the receiver of said corporation, and in possession of its assets. Subsequently to the appointment of the receiver, the plaintiffs tendered to him a quantity of saw logs under said agreement. He investigated the contract, and finding it was not for the interest of the creditors of the corporation to carry it out, declined to receive the logs, or to in any manner comply with the conditions of said contract. Whereupon plaintiffs instituted this suit to recover the value of the logs so tendered and of the timber suitable for saw logs remaining upon the land. The receiver, among other things, set up in his answer, by way of an affirmative defense, the facts as to his investigation of the contract, and his determination that it was not for the interest of the defendants or the creditors of the corporation, and that for that reason he had refused to carry it out.

There was nothing in the pleadings, or in the evidence introduced at the trial, tending to show that the receiver had made the contract his own by agreement, approval, or in any other manner. The above stated facts appeared from the undisputed proofs, and upon the claim that they were insufficient to show any liability on the part of the receiver as such, he made a motion for a non-suit. The court denied this mo-

tion, and instructed the jury that the receiver had no more or greater right to break said contract or to refuse to carry it out than the defendant corporation. Upon this denial and the instruction to the jury, error has been duly assigned. From the record it clearly appears that the court, throughout the trial of the case, determined the law to be that the receiver as such was liable for the damages flowing from the breach of the contract the same as he would have been if it had been one entered into by him. It follows that if the law is as claimed by the appellant, that he had the right to refuse to carry out the contract, and would not be liable in an action by the plaintiffs on account of such refusal, the judgment must be reversed. If, on the contrary, the law is as contended for by the respondents, that the receiver is liable to the same extent as the corporation, it must be affirmed. Hence, the only question for determination is as to the right of the receiver, under the circumstances disclosed by this record, to refuse to carry out the contract in question. If he had a right to refuse to carry it into effect it was because it was not binding upon him, and if it was not, he would not be liable for damages flowing from its breach, for the reason that only those who are bound by a contract can be called upon to answer in damages for its violation. Claims for which a receiver, as such, is liable, are first entitled to be paid in full before anything is paid upon the liabilities of the corporation, hence if the contention of the respondents should be sustained, the result would be that the liability of the corporation flowing from the execution of this contract would constitute a preferred claim and be entitled to payment in full before anything was paid upon the liabilities of the corporation growing out of other contracts entered into

by it at the same time, or subsequent thereto, before the appointment of the receiver. To state it differently, it would result from such a ruling that if this contract and another in exactly the same terms had been entered into on the same day, and under one of them the logs had been all delivered before the appointment of the receiver, and none of them paid for, and under the other a portion only of the logs had been delivered, the beneficiaries of one would receive full payment out of money coming into the hands of the receiver, while those under the other would have to abide the result of the receivership, and might not receive anything. It is not claimed that the contract in question was of such a nature that the corporation before insolvency could have been compelled to specifically perform it. It is only claimed that if it failed to perform, it would be liable for the damages flowing from the breach of the contract. But there is no reason why a claim for damages is better than any other money demand. By the insolvency of the company, and the appointment of a receiver, if the law is as contended for by appellant, it was made impossible for the corporation to carry out its part of the contract, and this being so, it must answer in damages for its violation, but a liability flowing therefrom should have no better standing than any other claim for money. If one furnish goods to a corporation and has a claim against it for them, there is no reason why it should be postponed to one founded upon the failure of the corporation to comply with the terms of a contract. In either case, the claim takes the shape of a money demand against the corporation, and they should be placed upon the same basis. The corporation would be alike liable in an action, and the judgment in each case would be for an amount of money which

would compensate the plaintiff. And claims which, if reduced to judgment would stand upon the same footing, cannot be so changed by the fact that one grew out of an executed and the other an executory contract, that one should be entitled to full payment at the expense of the other. The appointment of the receiver pending the action in the United States court did not dissolve the corporation, hence it could be sued the same after as before such appointment, and the receiver would not be a necessary party to such an action, unless it was sought in some way to make him liable or to enforce a lien against some of the property in his hands. See Beach, Receivers, § 335; *Kincaid v. Dwinelle*, 59 N. Y.5 48; *Bank of Bethel v. Pahquioque Bank*, 14 Wall. 383; *Pringle v. Woolworth*, 90 N. Y. 502; *People, ex rel. Railway Co., v. Supervisor of Barnett*, 91 Ill. 422.

From what we have said it will be seen that if the receiver has not the right to terminate executory contracts when their continuance would not be for the interests of the creditors, every such contract would in effect become a preferred claim, and entitled to full performance at the expense of claims growing out of executed contracts which, in good conscience, should in all cases have the same consideration, and in some, by reason of their greater age, even more. The rule contended for by the appellant would therefore seem to be the reasonable one. It places all ordinary claims against the corporation, not secured by specific liens, upon the same footing. Under it there can be no such absurd result as the giving of every executory contract a preference over executed ones. But whatever may be the logic of the matter, the rule contended for by appellant is so well settled that it is not now open to question. The general proposition is well

stated in the twentieth volume of the Am. & Eng. Enc. Law, on page 375, in the following language:

"The receiver is not bound to respect or continue a contract entered into before his appointment. To do so on any grounds other than necessity for the operation of the road, would be to divert the earnings from the purposes for which the receivership was created. The receiver has the same discretion in continuing such contracts as in incurring other expenditures and liabilities necessary for a successful management. Claims for loss incurred by the refusal of the receiver to fulfill such contracts remain on the same status as other debts of the company incurred before the receiver's appointment."

And that this is the well settled rule is shown by numerous cased cited by the learned author.

In *Express Co. v. W. N. C. Railroad Co.*, 99 U. S. 191, the supreme court of the United States made use of the following language referring to an executory contract which had been entered into by the corporation before the appointment of a receiver: .

"A specific performance by the receiver would be a form of satisfaction or payment which he cannot be required to make. As well might he be decreed to satisfy the appellant's demand by money, as by the service sought to be enforced. Both belong to the lien-holder, and neither can thus be diverted."

The cases which sustain the rule contended for by appellant are too numerous to be separately cited. Suffice it to say that such is the established doctrine of the supreme court of the United States and, so far as we are advised, of every state in which the question has been decided. In fact, the respondent does not seriously contend but that such is the general rule, but he claims that, by the peculiar relation of the parties, the case at bar should be taken out of such

8—13 WASH.

rule. This claim grows out of the alleged fact that there was no other mill than that of the defendant corporation at which these logs could be sold; but we are unable to see how that fact could have any other effect than to increase the measure of damages for failure to take the logs. If there was another market, the measure of damages would have been the difference between what the logs would have brought if disposed of therein and the price fixed upon them in the contract. If there was no other market, the measure of damages would probably have been the price of the logs under the contract. And the circumstances surrounding the delivery of the logs could not aid the contention of the respondents that their claim should be preferred over those of other creditors of the corporation.

The other claim of the respondents grows out of the statutes of the United States (24 U. S. St. at large, 554, §§ 2, 3): That part of the act which they rely upon is stated in their brief as follows:

"That whenever in any cause pending in any court of the United States there shall be a receiver or manager in possession of any property, he shall manage and operate it, according to the requirements of the valid laws of the state in which such property shall be situated, IN THE SAME MANNER THE OWNER OR POSSESSOR THEREOF WOULD BE BOUND TO DO IF IN POSSESSION THEREOF. Any receiver or manager who shall wilfully violate the provisions of this section shall be deemed guilty of a misdemeanor, and shall, on conviction thereof, be punished by a fine not exceeding three thousand dollars or by imprisonment not exceeding one year, or by both said. punishments, in the discretion of the court."

But to us it seems clear that the effect of this statute was only to make the receiver or manager responsible for things that might occur while he was

in possession of the property as such manager or re-ceiver, and that it had no effect whatever upon the liabilities growing out of contracts entered into by the corporation before the appointment of the re-ceiver. That such has been the interpretation of this statute clearly appears from the fact that, since its enactment, the supreme court of the United States and many of the circuit and district courts thereof have rendered decisions founded upon the rule con-tended for by the appellant. The receiver, as such, was in no manner responsible for the claim of plaint-iffs, and his motion for non-suit should have been granted.

The judgment as to him will be reversed, and the cause remanded with instructions to sustain his mo-tion for non-suit.

ANDERS and GORDON, JJ., concur.

DUNBAR, J., dissents.