[No. 2039. Decided November 9, 1896.]

T. H. CASEY, *Respondent*, v. NORTHERN PACIFIC RAILROAD COMPANY *et al.*, *Defendants*, THOMAS F. OAKES *et al.*, *Receivers, Appellants.*

RECEIVERS — LIABILITIES FOR BREACH OF CONTRACTS PRIOR TO APPOINTMENT.

The receivers of a railroad company are not liable for breach of a contract to carry a passenger entered into by the company prior to their appointment.

Appeal from Superior Court, Spokane County.— Hon. W. J. C. WAKEFIELD, Judge *pro tem.*   Reversed.

*John R. McBride* (*Ashton & Chapman*, of counsel), for appellants.

*Plummer & Thayer,* and *Winston & Winston,* for respondent.

The opinion of the court was delivered by

HOYT, C. J. — It appeared from the complaint filed in this action that the plaintiff was the holder of a ticket issued by the Northern Pacific Railroad Company; that the defendants Oakes, Paine and Rouse were the duly appointed receivers of such company; that the other defendant, A. H. Simmons, was an employee of the receivers at and around the depot of the railroad company in the city of Spokane; that the plaintiff sought, by virtue of this ticket, to pass to the cars of the company, to be transported as agreed therein; that the defendant Simmons refused to allow him to do so, and abused and assaulted him in the depot building of said company; that by reason of this action of said Simmons he had been deprived of his rights under the contract for transportation contained in the ticket, and had been greatly injured in his person and feelings, to his damage in the sum of $1,900.

After the evidence was all in, a motion to dismiss was made by each of the defendants. This motion was granted as to the railroad company and Simmons, but denied as to the receivers of the railroad company, against whom a verdict was rendered by the jury. The court could only have rightfully dismissed the action as to the railroad company and Simmons, and refused to dismiss it as to the receivers if, in its opinion, the action was upon the contract contained in the ticket. Its action would not have been justified if, in its opinion, the action was one of tort. If any of the defendants were guilty of a tort the defendant Simmons, who did all that was done, would certainly

have been guilty. But the court took the case from the jury as to him. Hence it must have found, either that the action was not one of tort, or that there had been no evidence introduced to show that a tort had been committed. In either case the receivers would have been entitled to a dismissal if the defendant Simmons was. It must follow that the case was submitted to the jury by reason of the court's being of the opinion that the receivers were liable by reason of their failure to carry out the contract entered into by the company before their appointment. But that they were not so liable was directly ruled by this court in the case of *Scott v. Rainier Power & Ry. Co.,* 13 Wash. 108 (42 Pac. 531). Hence, under the theory adopted by the court in the trial of the cause, it should not have been submitted to the jury, but should have been dismissed as to the receivers as it was as to the other defendants.

The judgment will be reversed, but by reason of the fact that something has been said in appellant's brief as to the dismissal as to Simmons having been by consent, though what is there said is not borne out by the record, the cause will be remanded for a new trial.

ANDERS and SCOTT, JJ., concur.