[No. 2039. Decided July 29, 1897.]

THOMAS H. CASEY, *Respondent*, v. THOMAS F. OAKES *et al.*, *Appellants*.

ACTION AGAINST RECEIVER FOR PERSONAL INJURIES — SUFFICIENCY OF COMPLAINT.

A complaint against the receivers of a railroad company to recover damages for the wrongful act of a servant states a cause of action against the receivers, when it alleges they were duly appointed receivers and were operating the road as such for the purpose of transporting passengers as common carriers, and that an employee of theirs, acting for himself and for the receivers and in the course of his employment, assaulted in a violent, rude, malicious and insulting manner the plaintiff, who was attempting to take passage upon the train, by virtue of a ticket purchased by him prior to the appointment of the receivers, and that such employee beat plaintiff, pushed him away from the train and forced him to leave the depot, in a loud, angry and insulting manner informing plaintiff that he should not ride upon said ticket; as such action is one sounding in tort and not on contract.

Appeal from Superior Court, Spokane County.—Hon. W. J. C. WAKEFIELD, Judge *pro tem.* Affirmed.

Opinion on re-hearing, the original opinion reversing the cause being found in 15 Wash. 450.

*Dudley, Bunn & Dudley,* for appellants.

*Plummer & Thayer,* and *Winston & Winston,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—This cause was heard last November and reversed and remanded for a new trial. It is reported in 15 Wash. 450 (48 Pac. 53). In due time counsel for respondent presented a petition for re-hearing, which was by direction of this court answered by appellants, and the cause then was reassigned for argument. The action was instituted by respondent in the superior court of Spokane county against the Northern Pacific Railroad Company, a corporation, and Rouse, Payne and Oakes, receivers of said corporation, and A. H. Simmons, an agent of the receivers. The complaint averred that the railroad company was a common carrier of passengers between Spokane and Marshall Junction, Washington; that on the 10th day of November, 1891, the railroad company, in consideration of eighty-five cents paid to it by respondent, agreed to carry respondent at any time thereafter from Spokane to Marshall Junction, and from the Junction back to Spokane, and in pursuance of said agreement issued to plaintiff a first-class round trip ticket or coupon, which entitled plaintiff to safe carriage when any of the trains of the railroad company ran thereafter for the purpose of carrying passengers between the points mentioned; that .defendants did not fulfill the agreement to carry plaintiff as before set forth, but, on the contrary, on the 10th of November, 1894, when plaintiff, in the exercise of his lawful rights, and in

pursuance of said contract, undertook to enter the passenger train at Spokane provided by the railroad company and the receivers for the purpose of carrying passengers from Spokane to Marshall Junction, the defendants, through their duly authorized agents, and said Simmons wilfully and maliciously denied plaintiff admission to the train, and wilfully and maliciously refused to honor the ticket as issued aforesaid to plaintiff—

" and said Simmons, acting for himself and for said receivers and said railroad company, and in the course of his employment in the presence of a great number of people, and to the great discomfort, humiliation and shame of plaintiff ·assaulted and beat plaintiff in a violent, rude and malicious and insulting manner, and with force and violence forced and pushed plaintiff away from said train, and forced him to leave the depot of said defendants, he, the said Simmons, then and there informing plaintiff in a loud, angry and insulting manner, and maliciously after having insulted and assaulted plaintiff, that said plaintiff should not ride upon said ticket, he, the said Simmons, then and there wilfully, violently and maliciously assaulting plaintiff."

It is then alleged that by reason of the acts above set forth plaintiff was unable to go to Marshall Junction on the train of said railroad, and suffered bodily harm and great mental pain, agony and sense of wrong, and was damaged by said acts in the sum of $1,900. The defendant, the Northern Pacific Railroad Company, appeared and moved to strike the averments relating to its responsibility for the reason that the corporation was not operating its road at the time that plaintiff was injured, which motion was overruled. A motion was made to strike from the complaint on behalf of the receivers the following words: " and said Simmons, acting for himself and said railroad company " down to and including the words " violently and maliciously assaulting plaintiff," on the ground that this is an action for an alleged violation of the contract for

safely carrying plaintiff, and if plaintiff was violently or maliciously assaulted by defendant Simmons as alleged, then defendant Simmons was not acting within the line or scope of his employment, which motion was denied. Defendant Simmons also moved against the complaint that cause was not shown that he ever entered into any contract with the plaintiff for the safe carriage of plaintiff from Spokane to Marshall Junction or elsewhere, which motion was denied. The receivers then demurred, first, for misjoinder of causes of action, on the ground that the complaint alleged an action on contract and an action in tort for personal injury, and because of the misjoinder of parties defendant, to-wit: a cause of action alleged against the defendant corporation for violation of the contract between plaintiff and defendant corporation joined with the cause of action against defendant Simmons for personal assault, and a like cause of action against the receivers, and also demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action against the receivers. This demurrer was overruled. The cause went to trial before a jury, and after the conclusion of plaintiff's testimony, the defendants moved to dismiss the case as to the receivers and as to the railroad company and as to Simmons upon the ground that the proof did not show a cause of action. The court overruled the motion as to the receivers and granted the same as to the railroad company and Simmons without prejudice to the action of plaintiff against the receivers. There appears to be no exception taken to this order of the court at the trial. The defendant receivers then introduced their testimony in the case and the jury returned a verdict for plaintiff and assessed his damages at $950.

In the opinion heretofore filed in this cause it was said:

" The court [superior] could only have rightfully dis-

missed the action as to the railroad company and Simmons, and refused to dismiss it as to the receivers if, in its opinion, the action was upon the contract contained in the ticket. Its action would not have been justified if, in its opinion, the action was one of tort. If any of the defendants were guilty of a tort the defendant Simmons, who did all that was done, would certainly have been guilty. But the court took the case from the jury as to him. Hence it must have found, either that the action was not one of tort, or that there had been no evidence introduced to show that a tort had been committed. In either case the receivers would have been entitled to a dismissal if the defendant Simmons was. It must follow that the case was submitted to the jury by reason of the court's being of the opinion that the receivers were liable by reason of their failure to carry out the contract entered into by the company before their appointment. But that they were not so liable was directly ruled by this court in the case of *Scott v. Rainier Power & Ry. Co.,* 13 Wash. 108 (42 Pac. 531)."

Upon a reconsideration of the cause here we find only four assignments of error by the appellants. First, the court erred in denying the motion to strike out filed in the action; second, the court erred in overruling the demurrer of the defendants; third, the court erred in refusing the motion to dismiss the action against the receivers, because the complaint stated no grounds for recovery against them; fourth, the court erred in refusing the motion for a new trial because no cause of action is stated in the complaint against the defendants against whom the judgment is rendered, viz.: the receivers. The complaint states a cause of action against the receivers. It is alleged that they were duly appointed receivers of the railroad company with power and authority to operate the railroad for the purpose of transporting passengers as common carriers, and that the defendant Simmons, acting for himself and for the receivers and in the course of his employment, committed the acts complained of by the plaintiff. There may be imma-

terial and irrelevant verbiage in the complaint, but it was not moved against on this ground. Under the Code of Procedure the complaint must be measured and its sufficiency determined by the facts stated. The pleader is not compelled to name the particular action or to label the form. The *gravamen* of this complaint is evidently a tort—the rough and insulting expulsion of plaintiff from the train and depot at Spokane—and all connected with this wrongful act could properly be joined in the action as defendants.

There is no statement of facts brought to this court, and the question of the sufficiency of the evidence to support the verdict cannot be the subject of inquiry now. The reasons of the superior court for the dismissal of the defendant Simmons and the Northern Pacific Railroad Company as defendants at the trial are not stated and are immaterial here under the view entertained of the complaint. Appellants complain of the verdict of the jury as excessive, but in the absence of the evidence in the cause we cannot examine that question.

The judgment of the superior court is affirmed.

SCOTT, C. J., and ANDERS, GORDON and DUNBAR, JJ., concur.