[No. 13772.   Department Two.   June 20, 1917.]

# B. S. FRYAR, *Appellant*, v. HAZELWOOD HOLSTEIN FARMS et al., *Respondents*.[1]

SALES—WARRANTY—PROMISE.    A statement that a certificate would be furnished showing that an animal sold had been tuberculin tested is not a misrepresentation of a fact, but a promise, and does not amount to a breach of warranty.

RECEIVERS — SALES — MISREPRESENTATIONS — LIABILITY—REMEDIES. Under the rule of *caveat emptor*, misrepresentations of fact by a receiver or his agent at a receiver's sale give no cause of action against the receiver as such, the remedy being against the receiver personally or by timely rescission.

CORPORATIONS—REPRESENTATIONS—OFFICERS— POWERS — REPRESENTATIVES AT RECEIVER'S SALE.   A corporation is not liable for misrepresentations made by an officer or trustee of the corporation at a receiver's sale of live stock in *custodia legis*, since he had no authority to do anything in connection with the sale.

RECEIVERS—APPOINTMENT—COLLATERAL ATTACK.   A sale by a statutory receiver, appointed by the court under Rem. Code, § 740, to manage and dispose of property during the pendency of an action or proceeding as an officer of the court, cannot be impeached by evidence that the corporation was not insolvent and that the receiver was only an agent appointed by consent to settle differences between the parties to the action.

RECEIVERS—SALES—NOTICE—LIABILITY BY CORPORATION.   A receiver conducting a sale that had been previously advertised by the corporation is not required to give notice that it was a receiver's sale; and the corporation would not be liable for any fault or omission by the receiver.

COSTS—WITNESS FEES—MILEAGE.   Allowance of more mileage fees to witnesses than they had reported to the clerk is without prejudice, where they were allowed no more than they actually traveled.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered February 19, 1916, upon granting a nonsuit, dismissing an action for breach of warranty. Affirmed.

[1]Reported in 165 Pac. 1084.

*Patrick C. Shine* and *H. G. & Dix H. Rowland,* for appellant.

*Voorhees & Canfield* and *Cullen, Lee & Matthews,* for respondents.

HOLCOMB, J.—Appellant sued to recover damages for an alleged breach of warranties made at a receiver's sale. The evidence introduced by appellant tended to show that the Hazelwood Holstein Farms, Incorporated, one of respondents herein, by its trustees, Smith and Mills, advertised that a certain sale of blooded Holstein cattle would be held in Spokane during the interstate fair. Subsequent to these advertisements but prior to the sale, one Lee was appointed by the court as receiver of the Hazelwood Holstein Farms, Incorporated, and the sale was actually conducted by him in that capacity. At the sale, the auctioneer stated that all the cattle to be sold were registered and that purchasers would be furnished with registration and transfer papers. Smith also stated that the cattle offered for sale had recently been tuberculin tested, and that purchasers would be furnished with health certificates showing that such test had been made and that the cattle were free from tuberculosis. Appellant attended this sale, having no notice, as he claimed, that it was by a receiver, heard the representations so made, and purchased a young heifer for $539, and a bull calf for which he paid $85. Shortly afterwards the heifer died from tuberculosis, according to the statement of a veterinary who attended the heifer during her sickness. It also appears that the bull calf was not registered at the time of the sale, but his breeding was such that he was entitled to registration, and he was registered and the papers evidencing that fact were furnished appellant subsequent to the commencement of this action. Appellant then instituted this action against respondents Hazelwood Holstein Farms, Incorporated, and Lee as receiver, and alleged that, by reason of the failure of respondents to deliver the registration papers and health

certificates, he had been greatly damaged, in that he had sold these cattle at an increased price but was unable to make good on his representations to the purchasers, and that, in the case of the bull calf, he incurred a large damage by reason of being obliged to purchase his progeny from the party to whom he was sold, since he had been bred to a number of thoroughbred cows; and further alleged that the animals, without the registration and health certificates, were worth only $190, and with them they were worth $1,000. At the conclusion of appellant's testimony, the lower court sustained a challenge to the sufficiency of the evidence and directed a judgment of dismissal. From this disposition of the case, appellant has appealed.

From an examination of the facts, it is noticed that the only misrepresentation made was that the bull calf was registered. There was no evidence showing that the animals had not been tuberculin tested, and the statement that a certificate showing such test would be given to the purchaser is not a misrepresentation of a fact, but a promise to do something in the future.

In determining the legal principles involved in this appeal the liability of the receiver will first be considered. It is not seriously disputed that a receiver's sale is a judicial sale and that, in such cases, the doctrine *caveat emptor* applies. Since the sale is made under the direction of the court, there is no warranty. But where there is fraud or misrepresentation of fact made by the receiver or by his agents, as in this case, *caveat emptor* is not applicable, and the problem thus presented is whether the receiver has such authority in making warranties at a sale that he is liable to respond in damages, as receiver, for a breach of such warranties.

The authorities are harmonious in declaring that the receiver has no authority to make warranties as to either the title or quality of goods sold at a receiver's sale, as the receiver is simply an officer or agent of the court and all the

authority in him vested is simply what is derived from the court, which is only to sell the goods; and because there is no warranty by the court, there is nothing to go back on if the buyer takes nothing.    Rorer, Judicial Sales (2d ed), § 174; *The Monte Allegre*, 9 Wheat. 616; *Horner v. Continental & Commercial Trust & Sav. Bank*, 198 Fed. 832. Where misrepresentations of fact are made by the receiver or his agent and they are relied on by the purchaser to his damage, this rule does not preclude the purchaser from any relief whatever, for in such cases the authorities are equally well settled that there are two courses that the purchaser may pursue:  (1) He may sue the receiver in his personal capacity, as the warranty binds him personally and him only;  (2) he may seek a timely rescission of the contract of sale.    Rorer, Judicial Sales, 174, 175; *Horner v. Continental & Commercial Trust & Sav. Bank, supra*.    In the case at bar, appellant pursued neither of these courses, but elected to sue the corporation and its receiver for damages.    No cases are cited by appellant, nor are we able to discover any, that hold that such an action can be successfully waged against the receiver.

It is then urged by appellant that respondent corporation is liable on account of the misrepresentations made by Smith, and cite *Scott v. Rainier Power & R. Co.*, 13 Wash. 108, 42 Pac. 531, to show that a company may be sued after a receiver has been appointed.    Granting that this is true, a valid cause of action must arise before a cause of action can be maintained against a corporation for which a receiver has been appointed; and it is apparent that, if Smith made representations that a certificate evidencing the facts represented would be furnished the purchaser, he acted either as agent of the receiver or as trustee and manager of the respondent corporation.    Obviously, if he acted as agent of the receiver, he had not sufficient authority to make warranties that would be binding on any one, as the receiver himself had no such authority.    Neither do we think he had sufficient

power or authority by reason of his office in the corporation
as trustee to bind the respondent corporation by his war-
ranties made at receiver's sale, for the officers of the corpo-
ration have no authority to do anything in connection with
the sale, since it is in the exclusive jurisdiction of the court.
It was a sale of property *in custodia legis*. For example, in
the order the court might authorize the sale on certain terms
or conditions. It could not be seriously contended that the
officers of the corporation could, by statements made at the
sale, change the terms and conditions prescribed by the
court. Whether Smith would be personally liable by reason of
his statements made at the sale need not be considered, as he
was not made a party to the action.

During the progress of the trial, appellant offered to
prove that the corporation was not insolvent, and that the
only purpose of the receivership proceedings was to settle
some property differences between Smith and Mills. This
evidence was rejected by the trial court, and his action in so
doing is now assigned as error. Appellant argues that, if
this evidence had been admitted, it would show that the re-
ceiver was only an agent of the parties and not an officer of
the court, and therefore the rule that a receiver has no
authority to make warranties at a sale is not applicable, as
such rule is based on the premise that he is an officer of the
court and is vested with only such authority as he derived
therefrom. In support of this theory appellant cites *Kellar
v. Williams*, 3 Rob. (La.) 321, wherein it is held that, where
it appears that a receiver was appointed with the consent of
the parties for the purpose of adjusting property differences,
the receiver will be deemed to be the agent of the parties,
strictly speaking, and not an officer of the court. It does not
appear that the receiver therein was appointed by virtue of a
statute, and it does show that he was appointed by consent
of the parties. In the case at bar, we find no offer to prove
that respondent Lee was appointed by consent of the parties,
and, in any event, he was presumptively appointed by a court

of competent jurisdiction by virtue of Rem. Code, § 740, which defines a receiver as follows:

"A receiver is a person appointed by a court or judicial officer to take charge of property during the pendency of a civil action or proceeding, or upon a judgment, decree, or order therein, and to manage and dispose of it as the court or officer may direct."

Respondent Lee was, therefore, a statutory receiver and an officer of the court, no matter for what purpose he was appointed, and the court properly rejected the evidence tending to show such purpose.

It is immaterial that appellant was not notified at the sale that it was being conducted by a receiver. There is no statute requiring proclamation of such fact by a receiver, and no order to that effect is shown. The receiver presumably proceeded in accordance with his order. The receiver is not sought to be held liable in his personal capacity. The corporation could not be held liable for any fault or omission of the receiver.

Complaint is also made that the costs were taxed too high, in that more mileage was allowed certain witnesses than they had reported to the clerk. Since it is not contended that these witnesses were allowed costs for more mileage than they actually traveled, we think this argument without merit, as the clerk has power to correct his original notation of mileage if it was in fact too high or too low.

Judgment affirmed.

ELLIS, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.