[No. 15771. Department One. July 7, 1920.]

Julius Schmelling, *Appellant,* v. August Hoffman et al., *Respondents.*[1]

Judgment (142-1, 163)—Vacating—Proceedings—Direct or Collateral Attack. In an action brought against the former owner, to quiet title to property acquired by a commissioner's deed under a default judgment in a former suit, a cross-complaint attacking the validity of the deed and default judgment on the ground of fraud in resorting to publication of the summons, is a direct and not a collateral attack on the judgment, and therefore sustainable, notwithstanding the cross-complaint was denominated an affirmative defense.

Pleading (27)—Theory and Form—Title to Pleading. The title given to a pleading is immaterial, and if the facts set up in an affirmative defense entitled defendant to relief, it will be treated as a cross-complaint.

Process (42, 43)—Evidence to Impeach Return—Fraud—Sufficiency of Evidence. There is sufficient evidence of fraud in making an affidavit for publication of a summons under Rem. Code, § 228, stating that the defendant cannot be found (of which the sheriff's return is prima facie evidence), where it appears that the defendant was a resident of the city, engaged in business as a painting contractor, with his name in the official city directory and in the city telephone directory for years, and that plaintiffs had

[1]Reported in 191 Pac. 618.

made payments to his agent who was also still residing in the city; and in such case the sheriff's return of "not found" is insufficient to justify the service, since there must be an effort in good faith to find him.

Appeal from a judgment of the superior court for King county, Smith, J., entered October 18, 1919, upon findings in favor of the defendants, in an action to quiet title, tried to the court. Affirmed.

*Russell & Blinn* (*J. W. Russell,* of counsel), for appellant.

*Dan Earle,* for respondents.

MITCHELL, J.—In 1913, Laura Atwood and husband owned the real property involved in this action. They entered into a written contract with one L. V. Baker for the sale of the lots, which are situated in Seattle, Washington. Thereafter Baker assigned his rights under the contract to the plaintiff. In January, 1914, Mrs. Atwood and her husband sold the property to William Hoffman, subject to the Baker contract. In 1917, the plaintiff, claiming he had fully paid up on his contract and failing to get a deed, brought an action against William Hoffman and wife to acquire title to the property. In that action, upon service by publication of summons, there was no appearance by the defendants, there was judgment for the plaintiff, and a commissioner appointed by the court conveyed the property to plaintiff on October 14, 1917. By a deed dated August 14, 1918 (recorded August 19, 1918), William Hoffman and wife conveyed the property to the defendant August Hoffman. Thereafter, July, 1919, the present suit was brought by plaintiff to quiet his title to the property against the claims of defendants August Hoffman and wife. The complaint was in the usual form in such cases.

In their answer the defendants allege, in substance, that they are the owners of the real property by virtue of the deed to them from William Hoffman and wife; that the judgment obtained by the plaintiff in the former suit against William Hoffman and wife, and the commissioner's deed issued thereunder, were procured by fraud of the plaintiff, in that the affidavit of plaintiff therein for the publication of summons alleged that those defendants were nonresidents of the state and could not be found therein; although, during all the years from 1913 to 1919, said William Hoffman and wife were continuous residents of Seattle; that he was engaged therein as a painting contractor, their names were to be found in the official city directory, in the telephone directory of the city, and his residence was well known to his agent in Seattle, to whom the plaintiff had made certain payments for William Hoffman on the real estate contract; that none of the defendants in either suit knew anything about the former suit until about the time of the commencement of the present action; and that plaintiff has never completed the payments on his real estate contract, but that the balance due thereon is in dispute and can be determined only by an accounting. The answer contained the prayer that the former judgment and commissioner's deed be cancelled and that an accounting be had. The allegations of the answer were denied by a reply. Upon the trial, findings and conclusions were made sustaining the charges in the answer, and a judgment was entered cancelling the deed made by the commissioner appointed in the first suit and directing an accounting to be had. The plaintiff has appealed.

It is contended by appellant that the trial court erred in permitting the defendants in this action to attack the judgment in the former one, on the score that

it is a collateral attack upon the judgment of a court of record having jurisdiction of the subject-matter of the action. The attack, however, in the present case is direct. Respondents specifically attack the regularity and validity of the judgment in the former suit upon the ground of fraud on the part of plaintiff in the taking of steps necessary under the statute to resort to the publication of summons against the defendants therein. We are satisfied that, where an action is brought against the former owner or his grantee to quiet the title to property acquired by the deed of a commissioner appointed by the court in a former suit wherein there was no appearance on the part of the defendant therein, a cross-complaint by such former owner or his grantee, attacking the validity of that former judgment and commissioner's deed, constitutes a direct and not a collateral attack.

Appellant's apparent confusion as to the character of the attack in this case seems to proceed largely from the fact that the portion of the answer constituting the attack is designated an affirmative defense rather than a cross-complaint. But, under our code procedure, if the facts set forth in a pleading entitle one to relief, it is wholly immaterial by what name the pleading is called, especially in those cases where, as here, the facts alleged were denied by a reply and no complaint as to the designation of the answer was made unless and until evidence was offered, and even then appellant only objected unless the attack on the judgment in the former action was by reason of the fact either that a return of "not found" was not made therein or that no affidavit by the plaintiff, or any one in his behalf, that defendant therein was not a resident of the state and could not be found within the state had been filed. The objection went not to the form or

designation of pleading, but only to the introduction of evidence tending to show the fraud alleged.

That the title given to a pleading is immaterial has been repeatedly held by this court. *Smith v. Driscoll*, 94 Wash. 441, 162 Pac. 572; *Lawrence v. Halverson*, 41 Wash. 534, 83 Pac. 889; *Casey v. Oakes*, 17 Wash. 409, 50 Pac. 53. As applied to an answer, the rule is tersely stated in the case of *Brown v. Massey* (Okla.), 92 Pac. 246, as follows:

"If the facts pleaded are sufficient to authorize the granting of affirmative relief, and the affirmative relief is prayed for by the answer, then it is the duty of the court to treat it as a cross-petition, regardless of what the pleader may call it."

On the other branch of the case, § 228, Rem. Code, provides:

"When the defendant cannot be found within the state (of which the return of the sheriff of the county in which the action is brought, that the defendant cannot be found in the county is *prima facie* evidence), and upon the filing of an affidavit of the plaintiff, his agent or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state, or cannot be found therein, . . . and stating the existence of one of the cases hereinafter specified, the service may be made by publication of the summons . . ."

The method of acquiring jurisdiction by the publication of summons is in derogation of the common law, and the well established rule requires that all the statutory requirements be accurately taken in order to confer upon the court jurisdiction over the defendant, although the subject-matter of the action is within the power of the court. By the statute, above quoted, there is no authority to publish summons without the filing of an affidavit of the plaintiff, his agent or at-

torney, stating that he believes the defendant is not a resident of the state or cannot be found therein. In the suit against William Hoffman and wife, the affidavit filed was made by the plaintiff and appears regular upon its face. Among other things, it says:

"That he believes that the defendants William Hoffman and Emelie Hoffman, his wife, are not residents of the state of Washington and that they cannot be found therein; that the place of residence of the said William Hoffman and Emelie Hoffman are unknown to this plaintiff."

It is the absence of good faith on the part of the plaintiff in making such statements that constitutes the grounds for the attack on that judgment and convinced the trial court of the fraud alleged.

The appellant was not acquainted with William Hoffman or his wife. However, the evidence in the case abundantly justifies the findings made by the trial court. It shows that, during all the years from 1913 down to the commencement of the present suit, William Hoffman and wife were openly and notoriously residents of Seattle; that said William Hoffman, in his own name and with several of his sons, was engaged in business in Seattle as a painting contractor; that, during those years, the official city directory of Seattle gave the names of Hoffman and wife, and that their names or the name of some member of the family were to be found in the city telephone directory during all those years; and that, at the date of the affidavit for the publication of summons, the agents of William Hoffman and wife, to whom payments made by plaintiff on the real estate contract were delivered, were still residing and doing business in Seattle. Appellant admitted that, at and before making the affidavit for publication of the summons in that case, the only thing he did to learn the whereabouts of William Hoffman and

wife was to have his attorney in that case (who did not testify in the present case) report that William Hoffman and wife could not be found at an address suggested by a sub-agent who acted for the collection agents of the Hoffmans. Under the facts in this case, it is difficult to understand how the sheriff by his deputy could have rather promptly made a return of "not found," unless, as suggested by counsel for respondents, it was purely perfunctory. The situation here shows the wisdom of the statute requiring something more than the return of "not found" by the sheriff, and yet, if all the available, reliable and easily accessible sources of information to be had at the date of the affidavit by the plaintiff in the former suit, as to the residence of William Hoffman and wife, may be wholly ignored, then the right to resort to constructive service of process by publication, based as it is on the ground of necessity, may be readily made a weapon to practically deprive a resident defendant of the sacred right of having his day in court. It is not necessary that all conceivable means should be used, but an honest and reasonable effort should be made to find the defendant prior to substituted service of process.

We are satisfied the spirit and intent of the statute were not complied with in the making of the affidavit upon which the publication of summons was had in the former case; that there was no jurisdiction of the defendants acquired in that case, and that the court properly set aside and cancelled the commissioner's deed issued in pursuance of the judgment therein.

The judgment in this case is entirely just and equitable under the circumstances in providing for an accounting between the parties; whereupon, if it shall be found appellant has made full payments on his real estate contract, he will be entitled to the land, other-

wise he will be compelled to pay the balance due or forfeit his rights in accordance with the terms of the contract.

The judgment is affirmed.

HOLCOMB, C. J., PARKER, MAIN, and MACKINTOSH, JJ., concur.