[No. 16804. Department Two. April 3, 1922.]

JAMES McDONALD *et al., Respondents,* v. FRED CURTIS
*et al., Appellants.*[1]

APPEAL (418)—REVIEW—FINDINGS. Findings by the trial court, upon conflicting evidence, cannot be set aside unless contrary to the preponderance of the evidence.

Appeal from a judgment of the superior court for Grant county, Hill, J., entered October 1, 1920, upon findings in favor of the plaintiffs, in an action to recover real property and to quiet title, tried to the court. Affirmed.

*W. E. Southard,* for appellants.

*N. W. Washington,* for respondents.

MACKINTOSH, J.—Respondents, on June 9, 1914, recovered a judgment against one Hites, who was at the time the record owner of real estate in Grant county, the subject-matter of this litigation. On August 21, 1917, the respondents caused execution to be issued on the judgment and this property was sold by the sheriff, bought in by the respondents, certificate of sale was issued to them, and, after the period of redemption, they procured the sheriff's deed. August 5, 1916, Hites conveyed this property by warranty deed to the appellants, which deed was placed on record. The appellants were occupying the property and respondents brought this action to recover possession. The action was defended by the appellants upon the ground that they had purchased the property from Hites in November, 1912, under a contract of purchase; that they had paid the purchase price, and that the conveyance to them in 1916 was in completion of the contract,

[1] Reported in 205 Pac. 1041.

which had never been recorded. Judgment was rendered in favor of the respondents.

At the time of the entry of the judgment in June, 1914, it became a lien upon all the real property then owned by Hites, but they would acquire no greater interest in the property than Hites then had, and if there were a valid, outstanding contract of purchase held by the appellants, the respondents' lien would attach only to such interest as Hites retained.

The trial court found from the testimony that, although the contract of purchase had been entered into in 1912, the contract had been abandoned and that "the defendants failed to establish by a preponderance of the evidence, or by clear and convincing proof, they had carried out the provisions of this contract or made the payments therein provided for". The case presents only a question of fact, and in order to overcome the finding of the trial court, we must be satisfied that the testimony preponderates against it. This we cannot do, as there are numerous circumstances which must lead us to the conclusion that the finding of the trial court is correct. It is unnecessary to review all these facts and circumstances, which must have convinced the trial court, as they have convinced us, that the conveyance in 1916 to the appellant Fred Curtis, who was the brother of Mrs. Hites, was not in pursuance of the contract of 1912, and that that contract had been abandoned and all rights under it abrogated. For this reason, we affirm the judgment.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.