[No. 21358. Department Two. November 5, 1928.]

GEORGE SHRIVE, *Appellant*, v. CRABTREE, INCORPORATED, *et al., Respondents.*[1]

*J. L. Baldwin,* for appellant.

*W. G. Boland,* for respondents.

MAIN, J.—This action is based upon a written instrument which has many of the characteristics of a promissory note, and herein will be referred to as such. The defendants, Crabtree, Inc., a corporation, and I. H. Crabtree individually, signers of the note, answered and pleaded two affirmative defenses; one, another action pending; and the other, lack of consideration for the note. Before the case was tried, Lottie P. Crabtree, the wife of I. H. Crabtree, voluntarily appeared for the purpose, as stated in her answer, of resisting any community liability. The cause was tried to the court without a jury, and resulted in findings

[1] Reported in 271 Pac. 329; 274 Pac. 712.

of fact, from which the conclusion of law was drawn that there was a failure of consideration. Judgment was entered dismissing the action, from which the plaintiff appeals.

The respondent Crabtree, Inc., was engaged in the jewelry and optical business in the city of Yakima. It had a number of creditors who were pressing their accounts for payment. A representative of the creditors went to Yakima and interviewed L. H. Crabtree, who was the president and manager of the Crabtree corporation and owned sixty per cent of its capital stock. The result was the note above mentioned, which was made payable to George Shrive, the appellant, who was trustee for the creditors. The amount of the note was $7,050. It was executed December 28, 1926, and provided for the payment of $150 per month, commencing March 1, 1927, and continuing to, and including, August 1, 1927. Thereafter the balance was to be paid at the rate of $400 per month, on the first day of each and every month, commencing September 1, 1927. No payments were made upon the note. Two or three weeks after the first payment became due, A. I. Hall & Son, Inc., which was the largest creditor, brought an action in Yakima county and had a receiver appointed, which action was pending at the time the present action was instituted. After the note was signed, all the creditors for whose benefit it was taken accepted the same and assigned their claims for collection to Shrive, the payee named in the note.

From the facts stated, it appears that, when the note was taken, there was an extension of the time of payment of the debts then due. The first question is, whether this was a sufficient consideration for the note. The rule is that the extension of time for payment of a debt is a sufficient consideration for a bill or note of the debtor. 8 C. J. 236; *Traders' Nat.*

*Bank v. Parker,* 130 N. Y. 415, 29 N. E. 1094; *Thomas & Co. v. Hillis,* 70 Wash. 53, 126 Pac. 62. Applying the rule to the facts of the present case, it must be held that the note was supported by a valid consideration.

The second question is, whether the appellant had the right to maintain this action, in view of the fact that a receiver had been appointed for Crabtree, Inc. In *Scott v. Rainier Power & R. Co.,* 13 Wash. 108, 42 Pac. 531, it was held that an independent action could be maintained against a corporation after a receiver had been appointed for the same. It was there said:

"The appointment of the receiver pending the action in the United States court did not dissolve the corporation, hence it could be sued the same after as before such appointment, and the receiver would not be a necessary party to such an action, unless it was sought in some way to make him liable or to enforce a lien against some of the property in his hands." (Citing authorities.)

In *Allen v. Olympia Light & Power Co.,* 13 Wash. 307, 43 Pac. 55, it was held that the appointment of a receiver of a corporation did not prevent an action against it upon a promissory note executed before the receivership. The appellant had a right to maintain the action upon the note signed by I. H. Crabtree, individually, and the corporation for which a receiver had been appointed.

The third question is, whether the appeal should be dismissed, because Mrs. Crabtree was not named as one of the obligees in the bond on appeal. There is no question here as to her individual liability. She came into the action, as stated in her answer, solely for the purpose of protecting the community composed of herself and I. H. Crabtree. The bond names Mr. Crabtree as one of the obligees, and, in the event that there would be any liability upon the bond,

he could maintain an action thereon which would be for the benefit of the community. Upon the authority of *Olmstead v. McCleary,* 128 Wash. 406, 223 Pac. 15, the motion to dismiss the appeal will be denied.

From what has already been said, it appears that the judgment of the trial court cannot be sustained, and that judgment should be entered upon the note. A. I. Hall & Son, Inc., having instituted the receivership action, its claim should be eliminated from the judgment entered in this case.

The judgment will be reversed and the cause remanded, with direction to the superior court to enter judgment upon the note, deducting therefrom the amount of the Hall claim.

PARKER, ASKREN, and FRENCH, JJ., concur.

## ON REHEARING.

[Department Two. February 19, 1929.]

PER CURIAM.—After the Departmental opinion in this case was filed, the appellant petitioned that it be clarified in one respect. The respondent petitioned for a rehearing. The appellant in its petition calls attention to the language in the opinion where it is stated that A. I. Hall & Son, Inc.'s claim should be eliminated from the judgment entered in the case. This direction should have been that A. I. Hall & Son, Inc.'s claim should be eliminated from the judgment entered against Crabtree, Inc., but not from the judgment entered against Crabtree individually. Aside from this modification the petition will be denied. The respondent's petition for rehearing will also be denied.