[No. 32272. Department One. May 21, 1953.]

SEATTLE ASSOCIATION OF CREDIT MEN, *Respondent,* v. AMERICAN ALLIANCE ALUMINUM SMELTING CORPORATION, *Appellant,* MORLEY MAGNESIUM FOUNDRIES, INC., *et al., Defendants.*[1]

[1] Reported in 257 P. (2d) 637.

*Rummens, Griffin & Short* (*Edward J. Bloom,* of counsel), for appellant.

*Albert M. Franco,* for respondent.

*J. Charles Dennis* and *Thomas R. Winter,* for United States of America.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Harry M. Cross, amici curiae.*

MALLERY, J.—The commissioner of the department of employment security, hereinafter referred to as the commissioner, served upon Morley Magnesium Foundries, Inc., orders and notices of assessment for contributions to the unemployment compensation fund in the amounts of $671.51, on May 19, 1949; $281.16, on June 17, 1949; and $497.60, on September 14, 1949. The assessments remaining unpaid, the commissioner moved the superior court for King county for the entry of judgment pursuant to the provisions of RCW 50.32.150 [*cf.* Rem. Supp. 1945, § 9998-269].

Judgment was entered accordingly on October 4, 1950. It may be noted here that the particular statutory remedy pursued by the commissioner provides for the summary entry of judgment, upon his motion, for the amount of contributions to the unemployment compensation fund unpaid ten days after the service of notice of assessment upon an employer, without the commencement of a civil action by the service of summons and complaint. Such a judgment

must be accorded the same effect as if it had been obtained in a civil action. RCW 50.32.150 [cf. Rem. Supp. 1945, § 9998-269].

On October 4, 1950, the attorney general, on behalf of the commissioner, applied to the clerk of the superior court for King county for the issuance of a writ of execution. The writ was issued to the sheriff, who levied upon the real estate of Morley Magnesium Foundries, Inc. It is this property with which we are here concerned. On November 18, 1950, the sheriff sold the property to the American Alliance Aluminum Smelting Corporation for $1,356. The levy and execution, in this case, followed the procedure appropriate to a civil action *in personam.*

■ The commissioner has been given a variety of statutory remedies, which are cumulative. Following a particular remedy does not constitute an election which makes the others thereafter unavailable. RCW 50.24.140 [cf. Rem. Supp. 1945, § 9998-240]. After entry of the judgment herein, the commissioner elected to proceed by way of levy and execution as in a civil action judgment *in personam,* rather than by distraint under the provisions of RCW 50.24.100 [cf. Rem. Supp. 1949, § 9998-236] and RCW 50.24.090 [cf. Rem. Supp. 1945, § 9998-235], or by way of foreclosing the tax lien, which had been perfected upon the property here in question, by filing appropriate notices with the auditor of King county under the provisions of RCW 50.24.050 [cf. Rem. Supp. 1947, § 9998-231].

The law of the situation presented herein is determined by what the commissioner did, rather than the different statutory remedies he could have pursued.

It is elementary that the different remedies provided by the statute for the collection of unemployment contributions do not merge their identity so as to give each one the characteristics of all of them. The particular remedy pursued by the commissioner herein was the equivalent of a civil action for a debt. The result is that a judgment lien, which was obtained, and not a tax lien, which was not foreclosed, is here involved.

■ Such a judgment will sustain a levy upon either real or personal property, but the lien of the judgment will reach only the interest of the judgment debtor therein. *Mears v. Lamona,* 17 Wash. 148, 49 Pac. 251; *McDonald v. Curtis,* 119 Wash. 384, 205 Pac. 1041; 21 Am. Jur. 140, § 281; 33 C. J. S. 577, § 291; *Reconstruction Finance Corp. v. Hambright,* 16 Wn. (2d) 81, 133 P. (2d) 278; *Banks v. Morse,* 17 Wn. (2d) 18, 134 P. (2d) 952.

■ The Seattle Association of Credit Men took the note and mortgage here in question from Morley Magnesium Foundries, Inc., in the amount of one hundred thousand dollars, prior to the entry of the judgment for the unemployment contributions, and, hence, prior to the time the commissioner's *judgment* lien attached. The sale of the property on the execution, therefore, did not affect the interest of the Seattle Association of Credit Men's mortgage.

The American Alliance Aluminum Smelting Corporation was the purchaser at the execution sale. The trial court held that its title to the real estate in question was subject to the mortgage of the Seattle Association of Credit Men. The American Alliance Aluminum Smelting Corporation appealed.

■ The appellant assigns as error the finding of fact by the trial court that Morley Magnesium Foundries, Inc., executed its one-hundred-thousand-dollar note to the respondent for a valuable consideration. It is contended that a past consideration is inadequate to support the note and mortgage of an *insolvent* debtor. This is not an insolvency proceeding. The general rule, therefore, applies that forbearance to sue for a past due obligation is consideration for a new note and mortgage. *Galena Nat. Bank v. Ripley,* 55 Wash. 615, 104 Pac. 807; *Shrive v. Crabtree,* 149 Wash. 500, 271 Pac. 329, 274 Pac. 712.

The trial court in foreclosing the mortgage fixed the order of lien priority among the parties to the action as follows: (1) King county general taxes for 1950 and 1951; (2) Commercial Waterway taxes for 1950 and 1951; (3) United States tax lien filed July 29, 1949; (4) United States tax lien filed May 18, 1949; (5) respondent's judgment against

Morley Magnesium Foundries, Inc., in the amount of $116,-854.40; and (6) the aggregate sum due on the remaining liens of the United States.

■ All but one of the *remaining* United States liens had been filed prior to the execution sale, and, therefore, the appellant purchased subject to those liens. However, the last United States lien was filed for record on December 4, 1950, after the execution sale. 26 U. S. C. A. 310, § 3672, provides, in part, as follows:

"Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector."

The rule is that a purchaser's interest is prior to a subsequently filed United States lien. *United States v. Beaver Run Coal Co.*, 99 F. (2d) 610. Therefore, appellant's interest in the property in question is superior to the United States lien filed for record on December 4, 1950.

In all other respects, the judgment of the trial court is affirmed.

The respondent may have its costs.

GRADY, C. J., HILL, WEAVER, and OLSON, JJ., concur.