[No. 34058. Department Two. May 2, 1957.]

PACIFIC NORTHWEST PIPELINE CORPORATION, *Respondent*, v. ACRES, INC., *Appellant*.[1]

*Simmons, Simmons & Yates*, for appellant.

*Devin, Hutchinson & Rolfe*, for respondent.

PER CURIAM.—This is an appeal from a judgment entered on a jury verdict awarding appellant compensation for land condemned for a public use.

Appellant was the contract purchaser of certain real property in King county. Respondent, by petition, began an action to condemn a portion of it so that a natural gas pipe line could be laid thereon. On April 17, 1956, appellant filed an answer and cross-complaint to respondent's petition. Respondent demurred to the cross-complaint, and the demurrer was sustained by the trial court on April 27th. On the same day, the court entered an order adjudicating public use

[1]Reported in 310 P. (2d) 530.

and necessity. On May 8th, appellant served notice that it elected to stand on its cross-complaint and would not plead further. On May 15th, the trial court entered an order dismissing the cross-complaint. On May 23rd, appellant served and filed a notice of appeal from this order, and a cost bond.

The trial court on June 11th, while the appeal from the order dismissing the cross-complaint was pending, proceeded with the trial before a jury on the issue of compensation. On the same day, appellant appeared before this court and applied for a writ of prohibition to stay further proceedings in the trial court on the ground that it lacked jurisdiction to proceed to determine the issue of compensation while the appeal was pending.

The application was denied by the chief justice. Appellant's counsel was absent from the trial had in the superior court on the question of compensation. The jury returned a verdict of fifteen hundred dollars as just compensation for the taking of the property. Judgment on the verdict and a decree of appropriation were entered on June 18th.

On June 22nd, this court granted respondent's motion to dismiss the appeal taken May 23rd from the order dismissing appellant's cross-complaint.

In its present appeal, appellant contends (1) that the trial court had no jurisdiction to proceed to trial on the question of compensation while the first appeal was pending, and (2) that the verdict of the jury was inadequate as a matter of law

■ The question of the trial court's jurisdiction to adjudicate the amount of compensation while the first appeal was pending was resolved against appellant when its motion for a writ of prohibition was denied on June 11th. The question may not be raised a second time on this appeal. See *Ward v. Painters' Local Union No. 300*, 45 Wn. (2d) 533, 276 P. (2d) 576 (1954); *Davis v. Davis*, 16 Wn. (2d) 607, 134 P. (2d) 467 (1943).

■ The question of the adequacy of the compensation awarded by the jury may not be considered for the reason that appellant has not supplied this court with a statement of facts. Where no statement of facts is furnished on an ap-

peal, we must presume that the evidence supported the verdict. *Black v. Porter*, 31 Wn. (2d) 664, 198 P. (2d) 670 (1948); *Casey v. Oakes*, 17 Wash. 409, 50 Pac. 53 (1897).

The judgment is affirmed.