<hr />

[No. 970.  Decided December 9, 1893.]

Anna DeCorvet and Carl Rosin, *Appellants*, v. Patrick Dolan and Mary J. Dolan, *Respondents*.

SUMMONS — SERVICE BY PUBLICATION — SUFFICIENCY OF AFFIDA-
VIT — STATEMENT OF NATURE OF ACTION.

Under §65, Laws 1877, p. 15, an affidavit stating that the defendant resides out of the territory is sufficient to authorize service by publication. (Stiles, J., dissents.)

The cause and general nature of a foreclosure proceeding is sufficiently stated in a summons by publication when it specifies with particularity the note upon which the action is brought, and defendants are informed that the action is brought to foreclose a mortgage given to secure its payment.

*Appeal from Superior Court, Thurston County.*

*John C. Kleber*, for appellants.
*Hobart G. Hagin*, and *O. V. Linn*, for respondents.

The opinion of the court was delivered by

Scott, J.—This action was brought by appellants to quiet title to certain lands situated in Thurston county.

Respondents' title rests upon a sale under a decree foreclosing a mortgage on said lands, in which action one George Cook was plaintiff and Carl Rosin and Anna Rosin were defendants. Respondents' title depends upon the validity of said foreclosure proceedings, which are attacked upon two grounds. The first point relates to the service of process, which was by publication. It is claimed that the affidavit upon which the same is based, under § 65, Laws 1877, p. 15, is defective and insufficient to authorize a service of summons by publication. It is further contended that the summons was defective and insufficient to confer jurisdiction upon the court, in that it did not sufficiently state the cause and general nature of the action, as required by § 61, p. 13, of the act aforesaid. Sec. 65 provides as follows:

"If at the time the complaint is filed, or any time afterward, the plaintiff or intervenor, or an attorney in the action for the plaintiff or intervenor, file in the action his affidavit stating that the person on whom service is to be made resides out of the territory, or has departed from the territory, or cannot after due diligence be found within the territory, or conceals himself to avoid the service of summons, or the defendant or the party to be served is a foreign corporation, or the cause of action against such corporation arose within the territory, service may be made by the publication of the summons."

And § 61 provides that, if service is to be made by publication, the summons shall contain, in addition to the other requirements of said section, the cause and general nature of the action.

The affidavit upon which the service by publication is based (omitting the formal parts) is as follows:

"George Cook, being duly sworn, says, that he is the plaintiff in the above described action; that the defendants reside out of this territory; he therefore asks that summons be served on the defendants by publication."

It is contended that this affidavit is insufficient, in that it

states a mere conclusion of law; and further, that it should show that the defendants could not after due diligence be found within the territory. A number of cases have been cited from different states relating to the construction of somewhat similar sections, but none that are directly in point. A statement in the identical language of the statute is sometimes insufficient. This is especially the case where the ground alleged is inability to find the defendants after due diligence, and it is upon this ground that many of the cases cited are based. But the statement that the defendants reside out of the territory is the statement of a fact, and is all that need be said upon the subject. The statute does not make it necessary to show where the defendants resided; this is immaterial, so that they were non-residents.

Appellants contend that the different grounds set forth in the statute should be read in the conjunctive, and that the affidavit to authorize a service by publication should cover all of said grounds, but we do not think this contention can be sustained. The very language of the statute itself refutes it, for there could not well be a case where all of said grounds would exist, nor would there be any reason for requiring such a showing. There is force in appellants' contention that there should have been a showing that the defendants not only resided out of the territory, but were without the territory at said time, and consequently could not be served personally, but the force of this contention is directed against the policy of such a statute rather than to its construction. The statute clearly makes the fact that the defendant resides out of the territory ground for obtaining service by publication, and upon an affidavit made to that effect the summons is issued by the clerk as a matter of course, it not being necessary to obtain any order from the court or judge for that purpose, as is the case in most of the states before service by publication is authorized.

Statutes authorizing service upon non-residents by publication are constitutional, and the jurisdiction is dependent upon a compliance with the statute providing for the publication. Brown on Jurisdiction, § 51. We are of the opinion that, in this instance, the affidavit was sufficient to warrant the service had.

As to the other point, the cause and general nature of the action is stated in said summons as follows:

"The said action is brought to recover from you the sum of three hundred thirty-five and $\frac{75}{100}$ dollars, with interest thereon at the rate of one and one-fourth per cent. per month from the 10th day of June, A. D. 1881, which sum is said to be due plaintiff upon a certain promissory note given by you to plaintiff, and dated November 2, 1878. Also to foreclose a certain mortgage given to secure the payment of said note, together with the recovery of ten per cent. upon the amount found due the plaintiff as counsel fees and costs of suit, and you are hereby notified that, if you fail to appear and answer said complaint as above required, the plaintiff will take judgment as therein demanded."

And we think, under the weight of authorities, this was a sufficient compliance with the provision. The note upon which the action is brought is specified with particularity, and defendants are informed that the action is brought to foreclose a mortgage given to secure the payment of it, and this informs the defendants of the cause and general nature of the action. It is not necessary that the cause of action should be set forth in a summons with the same particularity as is required in a complaint. The information is only required to be general, and particular information is furnished by the complaint. *Bewick v. Muir*, 83 Cal. 369 (23 Pac. Rep. 389); *Hinzie v. Kempner*, 82 Tex. 617 (18 S. W. Rep. 659).

Judgment affirmed.

DUNBAR, C. J., and HOYT, J., concur.

ANDERS, J., dissents.

STILES, J. (*dissenting*).— I do not think that it was within the power of the territorial legislature to enact the bald rule which the court in this case has enforced.  A resident of the territory under the act of 1877 was entitled to personal service of summons issued in a case brought against him, or, at least, to have the summons left with some suitable person at his dwelling house or usual place of abode; and a non-resident was entitled to precisely the same treatment, if he could be found within the limits of the jurisdiction of the court.

It is inseparable from any showing of non-residence by which a plaintiff seeks to entitle himself to a service by publication, that it be made to appear that, although the defendant is a non-resident, he cannot at the time of the proposed service be served personally.   The mere fact that § 65 provided for an affidavit "*stating*" that the defendant was a non-resident, in my judgment means no more than if it had used the word "showing."   It has been universally held that the mere allegation in an affidavit of this kind stating non-residence, or absence, or inability to make service, is a conclusion of law which is insufficient to base a substituted service upon. *Ricketson v. Richardson*, 26 Cal. 149; *Forbes v. Hyde*, 31 Cal. 342; *Yolo County v. Knight*, 70 Cal. 431 (11 Pac. Rep. 662); *Braly v. Seaman*, 30 Cal. 611; *Thompson v. Shiawassee Circuit Judge*, 54 Mich. 236 (19 N. W. Rep. 967); *Harrington v. Loomis*, 10 Minn. 366; *Beach v. Beach*, 6 Dak. 371 (43 N. W. 701); *Carleton v. Carleton*, 85 N. Y. 313; *Kennedy v. N. Y. Life Ins. & Trust Co.*, 32 Hun, 35; *McDonald v. Cooper*, 32 Fed. Rep. 748; *Alderson v. Marshall*, 7 Mont. 288 (16 Pac. Rep. 576); *Neff v. Pennoyer*, 3 Sawy. 274; *Palmer v. Mc-Master*, 33 Pac. Rep. 132; *McCracken v. Flanagan*, 127 N. Y. 493 (28 N. E. Rep. 385).

A non-resident, within the terms of this statute as inter-

24—7 WASH.

preted, might be one whose actual domicile was in the territory, at a place well known to the plaintiff, and who, if he had merely declared the intention of giving up his foreign residence, would be entitled to personal service.