[No. 27297.   Department One.   May 9, 1939.]

C. E. CHASE *et al., Appellants,* v. ELVIN P. CARNEY *et al.,
Respondents.*[1]

[1]Reported in 90 P. (2d) 286.

*Kellogg, Walters & Pedersen,* for appellants.

*Dillon & Carney,* for respondents.

MAIN, J.—The purpose of this action was to set aside a sheriff's deed and quiet title to the property covered thereby in the plaintiffs. The trial was to the court without a jury and resulted in findings of fact from which it was concluded that the plaintiffs were not entitled to the relief which they sought; and from the judgment entered dismissing the complaint and quieting the title in the defendant Elvin P. Carney, the plaintiffs appealed.

The preliminary facts may be summarized as follows: In 1922, water district No. 7, in King county, was organized. Within the district there was created a local improvement district. For the purpose of paying for the cost of the improvements, bonds were issued. These were to be paid by assessments upon the property benefited, in annual installments. One Eva G. Leavenworth became the owner of one or more of the bonds.

September 11, 1930, J. D. Peters and Johanna M. Peters, his wife, being then the owners of the property here in question, mortgaged the same to C. E. Chase. In 1935, the local improvement district assessments having become delinquent, an action to foreclose was brought by the above mentioned owner of one or more of the bonds. This action proceeded to final decree and sale, at which the property was purchased by Elvin P. Carney, and, on the 8th day of March, 1937,

he received a sheriff's deed for the same. It is this deed that the plaintiffs sought to have set aside in this action, with the result as above stated.

Other facts will be mentioned in connection with the particular contentions to which they may be immediately applicable.

█ It is first contended that the bonds issued by the improvement district were void because the water district was organized under an unconstitutional law (Laws of 1913, chapter 161, p. 533). It is true that, in the case of *Drum v. University Place Water Dist.*, 144 Wash. 585, 258 Pac. 505, that law was held not to be constitutional. But it does not follow from this that the appellants, at the time they brought their action, were in a position to assail the validity of the bonds, because, prior to the time the mortgage was given by Mr. and Mrs. Peters, in which Mr. Chase was named as mortgagee, assessments had been paid by the owners prior to the time that the Peters acquired the property, and one assessment had been paid by them after they acquired it.

In principle, this case is no different than the case of *Desimone v. Shields,* 152 Wash. 353, 277 Pac. 829, where it was held that those seeking to have the organization of a water district held void were not in a position to maintain the action because they had waived that right and placed themselves in a position where, in equity, they would not be heard to complain. It is true that there were more acts performed there constituting the waiver than the payment of assessments. It is not the number of the acts that are done which constitutes the waiver but whether substantial things were done in that respect, and, in the *Desimone* case, the payment of assessments was one of the things that constituted the waiver. We think this case is controlled by the holding in that case.

■ It is next contended that the bond foreclosure action was ineffectual because Viola E. Chase, the wife of C. E. Chase, was not made a party. In this connection, attention is called to the rule that all property acquired during coverture is presumed to be community property and the wife has an equal interest therein with her husband. Whether that rule be applicable would depend upon whether Mr. and Mrs. Chase were married at the time the mortgage was made to Mr. Chase. There is no evidence as to when the Chases were married, and it would seem that there would not be a presumption that they were married at any particular time.

The date of the marriage was a fact to be established by evidence. The appellants asserting the invalidity of the deed given to Carney, the burden was upon them to overcome the deed by competent and controlling evidence. *Sparks v. Standard Lumber Co.*, 92 Wash. 584, 159 Pac. 812; *Larson v. Murphy*, 105 Wash. 36, 177 Pac. 657. The time of the marriage not having been established, the presumption that property acquired during coverture is community property has no application. Whether, if it had been shown that the mortgage, at the time it was given, was community property, that fact would have had any effect upon the validity of the service, is a question which we pass without discussion or decision.

■ The next contention is that the affidavit which furnished the basis for the publication of summons was not sufficient. Service was had in the bond foreclosure action upon a number of the defendants, including Mr. Chase, by publication. The person making the affidavit for publication made no investigation or inquiry as to the residence of Mr. Chase, but the information that he was not a resident of King county was furnished him by another who had made the in-

vestigation. In this connection, it may be said that the deputy sheriff also made a return of not found without investigation. The return recites that it was made after due inquiry.

Rem. Rev. Stat., § 228 [P. C. § 8441], provides that, when a defendant cannot be found within the state, of which the return of the sheriff of the county in which the action is brought, that the defendant cannot be found in the county, is *prima facie* evidence, and upon the filing of an affidavit of the plaintiff, his agent or attorney, with the clerk of the court, stating that he believes that the defendant is not a resident of the state or cannot be found therein, service may be made by publication of the summons. While there is nothing in this section that specifically requires inquiry or search in order to furnish the basis for making an affidavit for publication, this court has adopted the rule that a reasonable search is necessary. *Warner v. Miner,* 41 Wash. 98, 82 Pac. 1033; *Olson v. Johns,* 56 Wash. 12, 104 Pac. 1116; *Schmelling v. Hoffman,* 111 Wash. 408, 191 Pac. 618.

In this case, the person that made the search testified that he had examined the city directory of the city of Seattle, also the telephone directory there, inquired of Mr. and Mrs. Peters, who mortgaged their property to Mr. Chase, as to his address, and was told by them that they did not know, though Mrs. Peters said that she thought he was in California. The fact, as it subsequently developed, was that he was in Wenatchee, this state, where he had resided for a number of years. The appellants say that the search was not sufficient, principally because no examination was made of the record of the mortgage in the county auditor's office where it had been previously recorded, and, if such examination had been made, it would have disclosed that the mortgage was filed at the request of the Bank

of California, doing business in Seattle, and, if this was followed up by interviewing the officers of the bank, the information could have been obtained that Mr. Chase was a resident of the city of Wenatchee. We think the evidence establishes a reasonable effort to find Mr. Chase's address without having gone to the auditor's office and then interviewing the officers of the bank.

It is next contended that the published summons was fatally defective, in that it did not contain a description of the property. The bondholder's suit was brought by a private individual for foreclosing the lien evidenced by the bond or bonds, and the procedure in such a case is the same as that in an ordinary civil action.

Rem. Rev. Stat., § 233 [P. C. § 8446], which covers the matter of the manner of publication and the form of summons, does not require a description of the property in the published summons, but only that that summons shall contain a brief statement of the object of the action. In this case, the summons recited that the object of the action was to foreclose a lien of local improvement district assessments in local improvement district No. 10, in water district No. 7, in the county of King, state of Washington.

In the case of *DeCorvet v. Dolan,* 7 Wash. 365, 35 Pac. 72, 1072, it was held that it was not necessary to describe the property in the published summons in a foreclosure proceeding. So far as we are informed, the holding in that case has not been departed from, and it is in accord with the rule in other jurisdictions where the statutes are similar. *Caldwell v. Bigger,* 76 Kan. 49, 90 Pac. 1095; *Grebe v. Jones,* 15 Neb. 312, 18 N. W. 81. The recital in the published summons in this case met the requirements of the statute.

In the case of *Spaulding v. Collins,* 190 Wash. 506,

68 P. (2d) 1025, it was held that, where the action to foreclose for delinquent local assessments was brought by a municipal corporation, such as a town or city, it was necessary to set forth a description of the property in the published summons. In such a case, however, the action is under a special statute (Rem. Rev. Stat. (Sup.), § 9386 [P. C. § 1022], Laws of 1933, p. 119, § 1), which requires that the property be described in the published summons. That rule is applicable where a county forecloses for delinquent taxes. *Wick v. Rea,* 54 Wash. 424, 103 Pac. 462. Neither of those cases, as already indicated, has any application where the action is brought, such as this one, under the general statute covering proceedings in civil actions.

There are one or two other incidental contentions, but these, we think, are sufficiently covered by what has herein been said. In any event, they are without substantial merit.

The judgment will be affirmed.

BLAKE, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.