[No. 36592.    En Banc.    August 15, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. JESSIE MARCHAND, *Appellant.**

*Lester Stritmatter*, for appellant.

*Orville E. Peebles*, for respondent.

DONWORTH, J.—Appellant was charged with two violations of the fisheries code. After a trial before the court sitting without a jury, she was found guilty on each count and was fined $250 for each violation ($100 of which was suspended). She has appealed from the judgment and sentence imposing these fines.

At the time of the transactions involved, appellant was, and for 43 years had been, a resident of Seaside, Oregon. She owned and operated a plant at Warrenton, Oregon, where she processed razor clams by cleaning them and either canning or freezing them. Thereafter, she sold processed clams mostly in Oregon, although she occasionally sold some processed clams in Washington (whether by personal delivery or by interstate shipment is not made clear).

*Reported in 384 P. (2d) 865.

For most of the previous 25 years, appellant had purchased clams "in the State of Washington partly, and on the [Quinault] Indian Reservation in Taholah." The Indians delivered the clams involved in this case to appellant at a point about 1,000 feet south of the reservation. She put these clams on her truck and on the same day drove the loaded truck to her plant in Oregon.

Appellant had obtained a license from the Fisheries Department of the State of Washington designated as a wholesale fish dealer's license, for which she paid $37.50 annually. She testified that she made reports to the department showing all purchases of clams made in this state (including those made from Quinault Indians) during the months involved in this case.

By count 1 of the information, appellant was charged as follows:

"Count I: That on or about the 12th day of June, 1961, in Grays Harbor County, State of Washington, the defendant, Jessie Marchand, did wilfully, unlawfully and intentionally give a false or misleading report to the Department of Fisheries of the State of Washington as to the amount of razor clams purchased during the months of April and May, 1961, at which time and place the said defendant was engaged in the business as a wholesale dealer in the purchase and sale of razor clams."

The statute on which this charge is based is RCW 75-.08.220, which provides:

"Every person who intentionally gives false or misleading information to the department as to the time, area, or waters in which any food fish or shellfish were taken or who shall intentionally prepare and submit a false or misleading report to the department shall be guilty of a gross misdemeanor and shall be punished by a fine of not less than two hundred and fifty dollars and not more than one thousand dollars or by imprisonment in the county jail for not more than one year or by both such fine and imprisonment."

Appellant contends that RCW 75.28.300, which deals with the necessity for the obtaining of a wholesale fish dealer's license does not apply to a *buyer* of clams. This statute requires such a license for the following:

" . . .

"(1) Any business in the state engaged in the freezing, salting, smoking, kippering, preserving in ice or any processing or curing of any food fish or shellfish;

"(2) Any business in the state engaged in the wholesale selling of food fish or shellfish; and

"(3) Any fisherman or clam or oyster farmer selling his catch direct to retail fish or shellfish dealers. . . ."

She asserts that there is no evidence that she ever *sold* clams in this state, and, therefore, subdivision (2) does not apply to her.

On the other hand, the state points to certain parts of appellant's testimony on cross-examination which are claimed to be an admission that she *sold* clams in the state of Washington.

These and other issues of fact relating to both count 1 and count 2, and to various statutory provisions, are referred to in the briefs. Appellant argues that these provisions have no application to her activities in the state of Washington. The state contends that they do apply to her.

Five of appellant's assignments of error state that the trial court erred in finding that she had failed to comply with certain statutory provisions or that she had violated the particular statutes on which counts 1 and 2 were based. The sixth assignment claims error in failing to find that, under the commerce clause of the federal constitution, the state was barred from collecting privilege taxes from appellant, as provided in RCW 75.32.020 (and .030 and .080).

Since the trial court made no findings of fact, we cannot pass on the several legal issues presented by these assignments of error.

In the following decisions, we have held that, in criminal actions, as well as civil actions, findings of fact are necessary: *State v. Knudsen*, 154 Wash. 87, 280 Pac. 922 (1929); *Seattle v. Silverman*, 35 Wn. (2d) 574, 214 P. (2d) 180 (1950); *State v. Mercy*, 55 Wn. (2d) 530, 348 P. (2d) 978 (1960); *State v. Bell*, 59 Wn. (2d) 338, 368 P. (2d) 177 (1962); *State v. Helsel*, 61 Wn. (2d) 81, 377 P. (2d) 408 (1962).

In *State v. Bell, supra,* we said:

"The trial court, in a criminal case (where a jury has been waived), has the duty of evaluating the testimony of the various witnesses where there is a conflict and of making findings of fact. *Cf. State v. Mercy,* 55 Wn. (2d) 530, 348 P. (2d) 978 (1960). As in a civil case, our function is to determine whether there was substantial evidence to support the findings which are challenged in appellant's assignments of error. If so, we must accept the findings as verities. *Ostiguy v. A. F. Franke Constr., Inc.,* 55 Wn. (2d) 350, 347 P. (2d) 1049 (1959); *Stewart v. Smith,* 55 Wn. (2d) 563, 348 P. (2d) 970 (1960)." p. 352.

By count 2, appellant was charged as follows:

"Count II. That Jessie Marchand, acting as a wholesale dealer in the purchase and sale of razor clams during the months of June and July, 1961, and in Grays Harbor County, State of Washington, did wilfully and unlawfully fail and neglect to report to the Department of Fisheries of the State of Washington the amount of clams purchased during that period and did further fail to pay the privilege fees unto the Director of Fisheries of the State of Washington due and owing as by law prescribed."

Appellant argues that there is no statute which requires a *buyer* of clams to report to the fisheries department his purchases of clams. She further contends that, regardless of any such statute, the evidence shows that she did report all clam purchases made by her in June and July, 1961. She so testified and also claims that the state's exhibits so showed.

Here, again, we are called upon to resolve legal issues where no pertinent findings of fact have been made by the trial court. As we held in *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn. (2d) 570, 575, 343 P. (2d) 183 (1959):

". . . the constitution does not authorize this court to substitute its findings for that of the trial court. . . ."

We now wish to add to that statement that neither is this court authorized to make findings of fact in either a civil or criminal case where the trial court has made none.

From what we have said above regarding the necessity of having findings of fact, it follows that the judgment

and sentence must be vacated as to both counts 1 and 2 and the cause remanded to the superior court for the making and entry of findings of fact and conclusions of law, and, based thereon, a judgment and sentence from which any aggrieved party may appeal. Costs in this court are to abide the final result of the action as provided in Rule on Appeal 55 (b).

It is so ordered.

ALL CONCUR.