[No. 54796–3. En Banc. August 25, 1988.]

DEBRA C. MARTIN, *Petitioner,* v. MARVIN L. MEIER, ET AL, *Respondents.*

472

*Welts & Welts, Murphy & Paxton,* by *David A. Welts,* for petitioner.

*Anderson, Hunter, Dewell, Baker & Collins, P.S.,* by *Robert B. Willoughby,* for respondents.

BRACHTENBACH, J.—The issue is whether a plaintiff in a case arising from a motor vehicle accident may properly serve a summons and complaint according to the procedure in RCW 46.64.040, the nonresident motorist statute, where the plaintiff has with due diligence attempted to find and serve defendant and where plaintiff has a good faith basis to believe the defendant has departed the state. We answer yes, and conclude that the plaintiff in this case has made such a showing. We reverse the decision of the Court of Appeals.

On September 1, 1982, plaintiff Debra C. Martin and defendant Marvin L. Meier were involved in an automobile accident in Whatcom County. The accident report listed a Seattle address for defendant and gave his occupation as a student at Western Washington University. About 2 months after the accident plaintiff retained counsel; thereafter plaintiff's counsel and adjusters from defendant's insurance company corresponded in an attempt to settle plaintiff's claim for injuries sustained in the accident. The correspondence extended beyond running of the 3–year statute of limitations, RCW 4.16.080.

On August 12, 1985, plaintiff filed this action in King County based upon defendant's address given in the accident report. Shortly before filing, plaintiff attempted to personally serve defendant at the Seattle address. Unknown to plaintiff, that address was, in fact, defendant's parents' address. A return of service of not found, dated August 10, 1985, stated that on August 9, 1985, after diligent search and inquiry, the process server was unable to find the defendant in King County.

Thereafter, plaintiff served the summons and complaint on the Secretary of State pursuant to RCW 46.64.040, which provides in relevant part:

[E]ach resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision or liability and thereafter within three years departs from this state appoints the secretary of state of the state of Washington as his lawful attorney for service of summons . . . Service of such summons or process shall be made by leaving two copies thereof with a fee of twenty–five dollars with the secretary of state of the state of Washington, or at his office, and such service shall be sufficient and valid personal service upon said resident . . .: *Provided,* That notice of such service and a copy of the summons or process is forthwith sent by registered mail with return receipt requested, by plaintiff to the defendant at the last known address of the said defendant, and the plaintiff's affidavit of compliance herewith are appended to the process, together with the affidavit of the plaintiff's attorney that he has with due diligence attempted to serve personal process upon the defendant at all addresses known to him of defendant and further listing in his affidavit the addresses at which he attempted to have process served. However, if process is forwarded by registered mail and defendant's endorsed receipt is received and entered as a part of the return of process then the foregoing affidavit of plaintiff's attorney need only show that the defendant received personal delivery by mail: *Provided further,* That personal service outside of the state . . . shall relieve the plaintiff from mailing a copy of the summons or process by registered mail as hereinbefore provided.

The summons and complaint sent by plaintiff by registered mail to the Seattle address, return receipt requested, were returned undelivered, marked "moved, not forwardable" and "forward expired." Plaintiff's attorney filed an affidavit of compliance in which he described the attempt to send the summons and complaint by registered mail. The attorney also filed an affidavit of due diligence in which he stated that he made due and diligent inquiry among former neighbors in King County, and that the process server informed him that defendant's neighbors said

that defendant and his wife moved to California approximately 2½ to 3 years before. The attorney stated he did not know the whereabouts of defendant and could not learn his whereabouts with due diligence.

According to a separate affidavit filed by plaintiff's attorney, at the time the process server attempted to serve defendant the process server checked with the police department in an attempt to locate defendant, questioned neighbors as stated in the affidavit of due diligence, and checked with the King County directory for the name and listing of defendant and found none. An investigator for plaintiff's attorney called the registrar's office at Western Washington University and was informed that defendant had been a student in the spring of 1985, but was not then a student.

On plaintiff's motion, venue was changed to Whatcom County. On April 24, 1986, defendant filed a notice of special appearance to contest jurisdiction, claiming that service of process was invalid. Defendant later moved to dismiss the complaint for failure by plaintiff to properly commence the action within 3 years of the accident. In support of this motion, defendant filed an affidavit in which he stated that he had resided in Washington at all times since the accident. He listed seven residences for the period of time from September 1, 1982, to September 1, 1985, and one additional residence during the 90 days following filing of the action during which service could be made pursuant to RCW 4.16.170 and former RCW 4.28.010. Defendant listed the dates he had resided at each residence; however, a total of 4½ weeks of that time is unaccounted for in the affidavit. Defendant also stated he was not and had never been married.

The trial court granted the motion to dismiss. The Court of Appeals affirmed, holding that RCW 46.64.040 must be strictly construed, and that because defendant was within the state at all times during the limitations period, service under the statute was invalid. The court also rejected plaintiff's argument that, based on the ongoing settlement

communications between plaintiff's attorney and the insurance adjusters, defendant was estopped to assert a statute of limitations defense.

Under RCW 46.64.040, service of the summons and complaint upon the Secretary of State constitutes valid personal service over defendant. The theory underlying this principle is that acceptance of the rights and privileges conferred by law in the use of the state's public highways, evidenced by operating a vehicle on the highways, is deemed equivalent to appointment of the Secretary of State by a nonresident, or a resident who departs the state, as his or her agent upon whom service of process may be made in a suit arising from a motor vehicle accident. RCW 46.64.040. Statutes providing for such service of process upon a statutory agent in suits arising from vehicle accidents have been upheld by the United States Supreme Court. *Hess v. Pawloski,* 274 U.S. 352, 71 L. Ed. 1091, 47 S. Ct. 632 (1927). RCW 46.64.040's provision for service on the Secretary of State is "'a valid exercise of the police power based upon the right of the State to regulate the use of its highways for their protection, and the protection of persons and property within the State.'" *Tellier v. Edwards,* 56 Wn.2d 652, 654, 354 P.2d 925 (1960) (quoting *Ogdon v. Gianakos,* 415 Ill. 591, 114 N.E.2d 686 (1953)). While the statute originally applied only to nonresident motorists, Laws of 1937, ch. 189, § 129, by the Laws of 1957, ch. 75, § 1, p. 310, provision was made for service on the Secretary of State in cases where a resident motorist defendant departed the state. The 1957 version of the statute was upheld in *Tellier.*

In addition to service on the Secretary of State, notice to the defendant is essential for due process. *Smith v. Forty Million, Inc.,* 64 Wn.2d 912, 395 P.2d 201 (1964). Prior to 1971, the statutory requirements provided two tracks by which notice to defendant was ensured: the defendant's return receipt, showing actual notice, or endorsement by postal authorities showing delivery was refused; or personal service upon the defendant outside the state. Laws of 1961,

ch. 12, § 46.64.040. In 1971 the statute was amended, and the first proviso changed to substantially its present form. Laws of 1971, 1st Ex. Sess., ch. 69, § 1. The statute now has three tracks for notice to defendant: defendant's endorsed return receipt; personal service out of state; or plaintiff's attorney's sworn statement that he or she has with due diligence attempted to serve the defendant at all known addresses, and has sent a copy of the summons and complaint to the last known address of defendant with notice that service has been made on the Secretary of State. The last method contemplates that plaintiff's attorney may not in fact know where defendant is residing, and that defendant may not receive actual notice of the suit against him.

█ We have not addressed the statute since it was amended and therefore briefly discuss the statute's sufficiency in terms of due process notice requirements. The United States Supreme Court held that while the act of a nonresident in using the highways of another state may properly be declared to be an agreement to accept service of process on a state officer such as the Secretary of State in a suit arising out of an automobile accident while the nonresident is using the highway, due process requires either the state officer or the plaintiff to mail notice to the defendant or advise him, by some written communication, in a way so as to make it reasonably probable that the defendant will receive actual notice. *Wuchter v. Pizzutti,* 276 U.S. 13, 19, 72 L. Ed. 446, 48 S. Ct. 259, 57 A.L.R. 1230 (1928). The Court held that the statutory provisions themselves must be such that there is a reasonable probability that if the statutory procedures are complied with, the defendant will receive actual notice. *Wuchter,* at 24. As *Wuchter* early indicated, actual notice to the defendant is not required by due process; indeed, in that case actual notice to the defendant was given, but, absent statutory authority for such notice, was not sufficient. Instead, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present

their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950).

RCW 46.64.040's procedure for mailed notice to defendant's last known address after due diligence in attempting to personally serve defendant satisfies due process requirements. This statutory procedure is such that there is a reasonable probability that if plaintiff complies with the procedure, defendant will receive actual notice. Plaintiff necessarily has a last known address to which to send such notice, and has with due diligence attempted to serve defendant at all known addresses, but cannot locate and serve defendant. Key to the reasonableness of the notice is the requirement that plaintiff exercise such due diligence. The notice must be sent by registered mail. We conclude that mailed notice to defendant's last known address is notice reasonably calculated, under all the circumstances, to apprise defendant of the suit and give defendant an opportunity to present objections, as required by *Mullane*.

Defendant argues that the statute must be strictly construed and according to strict construction he must have actually departed the state in order for the statute to apply. Plaintiff, on the other hand, suggests that substantial compliance with the statute is sufficient. This court has held substantial compliance with Washington's "long–arm" statute, RCW 4.28.185, sufficient where noncompliance was due to failure to timely file the affidavit of nonresidency required by RCW 4.28.185(4), provided defendant was not prejudiced by the late filing. *Golden Gate Hop Ranch, Inc. v. Velsicol Chem. Corp.*, 66 Wn.2d 469, 403 P.2d 351 (1965), *cert. denied*, 382 U.S. 1025 (1966). The court has also applied a substantial compliance analysis to RCW 4.28-.080(10), providing for personal service upon a qualified agent of a foreign corporation, reasoning that the statute was more analogous to personal service statutes than to constructive service statutes. *Reiner v. Pittsburg Des Moines Corp.*, 101 Wn.2d 475, 680 P.2d 55 (1984).

However, while substantial compliance with personal service statutes or their like may suffice in some cases, this court has expressly required strict compliance with the statute at issue here. As a general rule, statutes providing for constructive or substituted service must be strictly construed as in derogation of the common law. *Muncie v. Westcraft Corp.*, 58 Wn.2d 36, 38, 360 P.2d 744 (1961). When RCW 46.64.040 applies, therefore, its procedures must be strictly adhered to, otherwise jurisdiction is not obtained under the statute. *E.g., Muncie v. Westcraft Corp., supra; Reynolds v. Richardson,* 53 Wn.2d 82, 330 P.2d 1014 (1958).

In deciding the next question here, whether the statute applies, we heed the rule that in construing statutes our objective is to ascertain legislative intent as expressed in the statute. *State v. Standifer,* 110 Wn.2d 90, 92, 750 P.2d 258 (1988). When the Legislature amended the statute in 1971, it evidenced intent that the statute apply in some cases where plaintiff's attorney does not in fact know where the defendant resides. That is, prior to the 1971 amendment defendant's endorsed return or postal endorsement of refusal to accept delivery of the summons and complaint, or personal service outside the state were required by the statute. In either case plaintiff's attorney necessarily knew where defendant resided, and knew that that residence was out of the state. The statute now allows service on the Secretary of State after attempts made with due diligence to serve defendant, and allows notice of service to be sent to the defendant's last known address return receipt requested. The statute does not, however, mandate that defendant's endorsed receipt be received.

By the change in the statute, we conclude that the nonresident motorist statute applies not only where plaintiff can conclusively establish that the defendant is a nonresident or resident who has departed the state, but also where there is a reasonable basis to conclude that this is the case. The 1971 amendment providing for service on the Secretary of State in some cases where plaintiff may not

know where defendant is located is consonant with the State's interest in regulating the use of the highways for the protection of persons and property within the state. This interest is not dependent on defendant's actual location. As we have discussed, the statutory procedure satisfies due process requirements. We construe the statute as providing for service on the Secretary of State where plaintiff has a good faith belief that defendant has departed the state and has with due diligence attempted to find and serve defendant.

Defendant also suggests that plaintiff should not be permitted to circumvent personal service statutes by waiting until nearly the end of the limitations period before making an effort to find defendant, and then be allowed to proceed under the nonresident motorist statute when efforts to find defendant fail. We disagree with this statement of the issue. We stress that we are here considering the statute satisfied only where plaintiff has a good faith belief, reasonable under the circumstances, that defendant has departed the state. The statute cannot simply be used as a substitute for other service of process procedures.

Moreover, we will not impose any strictures on the period of time during the limitations period in which plaintiff makes diligent search for defendant. First, the statute itself imposes no such condition. Second, plaintiff has the full period of the statute of limitations to decide whether to file suit at all. It would be absurd to hold that plaintiff must, at whatever cost and inconvenience, locate defendant sometime during the limitations period in case plaintiff decides to sue. In this case, for example, the parties were engaged in ongoing discussion concerning the possibility of settlement of a claim against the insurance company. Plaintiff may well have decided there was no reason to sue unless those negotiations did not come to fruition before the end of the limitations period. Third, defendant's argument suggests that plaintiff must search for defendant at the best time during the limitations period for finding defendant, that is, the argument is close to saying that

plaintiff must look for defendant when defendant could be found either in state or out of state.

Of course, plaintiff may not merely make a poor attempt to locate defendant. The statute requires that before service on the Secretary of State may be made, plaintiff's attorney must with due diligence attempt to serve defendant. However close to the end of the limitations period plaintiff's attorney begins the search, that search must be a diligent one.

■ Because we have not addressed the statute since it was amended in 1971 when the term "due diligence" was added, we have not construed the term. We have addressed a similar question in the context of RCW 4.28.100, which permits service by publication in certain enumerated situations. In that context, in order to furnish the basis for making an affidavit for publication, this court has held that a reasonable search is necessary. *Chase v. Carney,* 199 Wash. 99, 103, 90 P.2d 286 (1939); *Schmelling v. Hoffman,* 111 Wash. 408, 191 P. 618 (1920). Not all conceivable means need be used, but an honest and reasonable effort should be made to find defendant prior to service by publication. *Schmelling,* at 414. Also in the context of service by publication, the Court of Appeals has followed these precepts, and has held that where plaintiff possessed information regarding defendants' whereabouts which was found in a vehicle accident report, but failed to follow up on that information, plaintiff did not make the honest and reasonable effort necessary to allow for service by publication. *Painter v. Olney,* 37 Wn. App. 424, 680 P.2d 1066 (plaintiff did not rely on the nonresident motorist statute), *review denied,* 102 Wn.2d 1002 (1984). *Accord, Parkash v. Perry,* 40 Wn. App. 849, 700 P.2d 1201 (1985) (none of the affidavits in support of publication indicated the accident report, which contained information which might lead to defendant's whereabouts, was checked by the process server or the plaintiff; also, information appended to the return of service was not investigated; court held plaintiff failed to exercise diligence in effort to find defendant).

We hold that "due diligence" under the statute requires that plaintiff make honest and reasonable efforts to locate the defendant. Not all conceivable means need be employed, but, at the least, the accident report, if made, must be examined and the information therein investigated with reasonable effort. In addition, if plaintiff has information available pertaining to defendant's whereabouts other than that contained in the accident report, plaintiff must make reasonable efforts to investigate based on that information as well.

Turning to the case at hand, the first inquiry is whether plaintiff had a basis for a good faith belief, which was reasonable under the circumstances, that defendant had departed the state. When the process server attempted to serve defendant, neighbors explained that Mr. and Mrs. Meier had moved to California. Plaintiff's attorney averred the neighbors told him the same thing. Plaintiff had no reason to know whether defendant was married at the time the Meiers moved, and would not have been alerted that because there was a Mrs. Meier who moved, this was not the Mr. Meier plaintiff was seeking. The summons and complaint sent to the Seattle address were returned marked "moved, not forwardable" and "forward expired." Plaintiff knew defendant had been a student at Western Washington University, and could reasonably have believed defendant had left the state, as students frequently do during vacations, terms they take off from studies, or upon completion of their studies. When plaintiff's investigator called the university, she was told that defendant had been a student in the spring but was not then a student. Plaintiff had a reasonable basis for a good faith belief that defendant had departed the state.

Plaintiff also exercised due diligence in attempting to locate and serve defendant. Plaintiff attempted to serve at the address listed on the accident report, and then inquired of neighbors as to whether they knew where defendant was. Plaintiff also inquired of the university whether defendant was a student. Thus, plaintiff followed the leads in the

accident report. Plaintiff also checked the King County directory and inquired of the police about defendant. Nothing in the record suggests that plaintiff had other information available which should have been investigated with reasonable effort.

Moreover, nothing in this record indicates that defendant was prejudiced. Plaintiff did not default when she could have done so.

We conclude that RCW 46.64.040 applies here, and that because plaintiff had a good faith belief that defendant had departed the state, and had exercised due diligence in attempting to locate defendant, service under the statute was valid.

Because we find valid service, we do not reach plaintiff's argument that defendant is estopped to assert a statute of limitations defense.

Reversed and remanded.

PEARSON, C.J., and UTTER, ANDERSEN, and DURHAM, JJ., concur.

DOLLIVER, J. (dissenting)—This case comes to us as an appeal from a dismissal of the complaint because of failure to comply with the statute of limitation. As both the Court of Appeals and the majority agree, substitute service statutes must be strictly construed. They further agree there was in fact no evidence defendant Marvin L. Meier had ever departed from the state. The majority goes on, however, to hold that where "plaintiff had a basis for a good faith belief, which was reasonable under the circumstances, that defendant had departed the state" and had also "exercised due diligence in attempting to locate and serve defendant", substituted service under RCW 46.64.040 will be sufficient. Majority, at 482.

Although I agree, with some reluctance, to its good faith belief/due diligence formulation, I cannot agree with the holding of the majority.

Given legislative intent and the difficulty in proving a person in fact has departed the state, this rule may be appropriate as a general proposition. I cannot accept, however, the majority's holding there was valid service. Although the rule propounded by the majority is a rule of law, whether there was a good faith belief and due diligence are factual questions. Until the majority spoke, no one in this case knew the structure or rationale of the new rule. The trial court dismissed the complaint, finding plaintiff had failed to comply with the statute of limitation. The trial court made no findings of fact. The Court of Appeals held, since substitute service statutes must be strictly construed (a proposition concurred in by the majority, at 479), RCW 46.64.040 requires that the defendant must have departed the state. Since there was no evidence defendant had ever departed the state, the attempt to gain jurisdiction by RCW 46.64.040 failed.

While the new rule may provide fairness to plaintiffs in serving hard–to–locate defendants and not unduly prejudice defendants, it is grossly unfair to this defendant for the court in this case to become the trier of fact as well as the declarer of law. It is particularly egregious that the fact–finding engaged in by the majority is based wholly on affidavits. Surely it is inappropriate for this court to determine what well may be a contested factual matter simply on the affidavit of the plaintiff. Furthermore, the Supreme Court is not authorized by the constitution to make findings of fact where none has been made by the trial court. *State v. Marchand,* 62 Wn.2d 767, 770, 384 P.2d 865 (1963). Factual disputes are to be resolved by the trial court, in which the constitution (Const. art. 4, § 6) exclusively vests this power. *Stringfellow v. Stringfellow,* 56 Wn.2d 957, 959, 350 P.2d 1003, 353 P.2d 671 (1960). Irrespective of the constitution, however, even a modest sense of fairness would allow a factual hearing so the trial judge, who is the trier of fact, could make the initial determination as to whether plaintiff meets the requirements of the new rule. The proper remedy should be to remand this case

to allow the trial court to make findings of fact. *State v. Marchand, supra* at 770–71.

The fundamentally unfair position of the majority as to the need for a factual determination is bad enough. Its assault on the constitutional fact–finding function of the trial court is compounded by its wholly unjustified limiting, *as a matter of law,* any consideration as to when, during the statutory period, the plaintiff attempted service. Majority, at 479–80. Contrary to the majority, I believe this very well may have a bearing on good faith belief and due diligence. At the very least, it should not be barred from any consideration as the majority would do. As the defendant aptly observes, it has always been true that if a plaintiff's attorney knows the location of the defendant but makes the decision not to serve the defendant and waits 3 years, the attorney takes the risk the defendant cannot be located in time to cut off the statute of limitation. Particularly in this case, since defendant in fact had not departed the state, the time of filing ought to be open to consideration on the issues of good faith belief and due diligence.

Thus, while I would agree with the majority in reversing the Court of Appeals and remanding the matter back to the trial court, in contrast to the majority I would not find valid service but rather direct a further hearing by the trial court to determine whether in fact plaintiff acted in a good faith belief and exercised due diligence.

DORE and CALLOW, JJ., concur with DOLLIVER, J.