IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| ELIZABETH CITO, | ) | No. 75393-2-I |
| | ) | Consolidated with No. 76492-6-I |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| JENNIFER K. RIOS, and JOHN DOE | ) | |
| RIOS, individually and as the marital | ) | |
| community composed thereof, | ) | |
| | ) | |
| Respondents. | ) | FILED: May 29, 2018 |

SCHINDLER, J. — Under the plain and unambiguous language of RCW 46.64.040, where a resident is involved in a motor vehicle collision and "thereafter at any time within the following three years cannot, after a due and diligent search, be found," the secretary of state shall be appointed to accept service of process. Under RCW 46.64.040, service of process on the secretary of state has the same force and effect as personal service. Elizabeth Cito filed a personal injury lawsuit against Jennifer K. Rios for damages from a rear-end collision. The court dismissed the lawsuit on the grounds that Rios was not properly served under RCW 46.64.040. The undisputed record establishes that despite repeated attempts to serve Rios, she avoided and refused to accept service of process. Because the record establishes that after a due and diligent effort to serve Rios, she could not be found for purposes of service of process, we hold

RCW 46.64.040 authorized service of process on the secretary of state. We reverse and remand for trial.

Car Accident

The facts are undisputed.[1] On September 28, 2012, Elizabeth Cito was driving to work in her 2008 Subaru, traveling eastbound on the West Seattle Bridge. As Cito slowed to merge onto the Interstate 5 off-ramp, a Honda Civic rear-ended her car. The "Police Traffic Collision Report" identifies the driver of the Honda Civic as Jennifer K. Rios. The Police Traffic Collision Report states her address is 8817 25th Place Northeast, Seattle, Washington 98115. The police cited Rios for "[f]ollowing too close." The collision report states that when Cito "slowed and stopped for traffic," Rios rear-ended her car. The report notes both Cito and Rios "complained of neck pain" and the cars were towed.

Personal Injury Lawsuit

Cito's attorney was in contact with the GEICO claims adjuster for Rios over the course of the next two years. On September 23, 2015, the attorney notified the claims adjuster that Cito planned to file a lawsuit. The attorney said, "I called him so that he could notify his insured, so that she would not be alarmed when someone knocked on her door to serve papers. The claims adjustor . . . requested that I fax him a copy of the complaint once it was filed."

On September 25, 2015, Cito filed a personal injury complaint for damages against Rios in King County Superior Court. On September 28, Cito's attorney faxed a copy of the summons and complaint to the GEICO claims adjuster.

---

[1] We treat undisputed facts as verities on appeal. Rush v. Blackburn, 190 Wn. App. 945, 956, 361 P.3d 217 (2015).

On September 30, an attorney filed a notice of appearance on behalf of Rios. The notice of appearance requests that "all further pleadings, except service of process, be forwarded" to the attorney.

Attempts to Serve Rios

On September 30, 2015, an ABC Legal Messenger (ABC) process server attempted to serve Rios at the Seattle address in the Police Traffic Collision Report with the summons, the personal injury complaint, and the order setting civil case schedule. The process server learned Rios no longer lived at that address.

After conducting a search of public records, Cito's attorney located an address for Rios at 15704 80th Street East, Puyallup, Washington. On October 2, an ABC process server attempted to serve Rios at the Puyallup address. The current occupant told the process server that Rios lived at that address only temporarily and she did not know her new address.

On October 14, Cito's attorney sent an e-mail to Rios's attorney stating, "[W]e have not yet served your client, as she has moved from her previous address. We will be using ABC investigation to locate and serve her." Cito's attorney asked, "Please let me know if you are able to accept service for her or if you have obtained her permission to share her address." The attorney responded, "Let me know when you have service."

ABC conducted "a full investigation to locate Ms. Rios' current address." ABC located an address for Rios at an apartment complex in Des Moines—2701 South 224th Street, apartment H304. On October 14, a process server attempted service at the Des Moines address at 4:30 p.m. Although no one answered the door, the ABC process

3

server heard "movement inside."[2] The process server left several telephone messages. After "neighbors confirmed" that Rios lived in apartment H304, the process server waited in the parking lot. Approximately a half-hour later, the process server tried to serve Rios with the pleadings. Rios "refused to accept" service.[3]

The ABC process server attempted to serve Rios again the next day on October 15. The apartment manager confirmed Rios lived in apartment H304. The woman in apartment H304 refused to open the door and accept service or identify herself. The process server left a number of telephone messages. Rios did not respond.

> 10/15/2015 2:32 PM: Per JANE DOE, WHO REFUSED TO GIVE NAME, RESIDENT, a female contact. Occupant is believed to be subject by server. Neighbors and management confirm that provided address is good for subject. Occupant refuses to open doors to server and accept documents. Occupant spoke from inside of apartment and would not make herself visually known. . . . Multiple messages have been left on provided phone number.

ABC suggested Cito "[f]orward to sheriff's office to complete process of service."

A King County deputy sheriff tried to serve Rios at the Des Moines address on October 28. When there was "[n]o answer," he left his card. The deputy left voice messages and sent text messages on October 28, 29, and 30. Rios did not respond. On November 2, the deputy went to the apartment and left his card. The deputy returned on November 9 but there was "[n]o response at door."

---

[2] Boldface omitted throughout opinion.

[3] The "Declaration of Non-Service" states, in pertinent part:
10/14/2015 4:30 PM: No answer at door, noise inside, movement inside and lights on inside. Several messages were left on subject's phone. Process server stayed in parking lot for a short duration of time after neighbors confirmed that subject has been living at provided address for 2 months now. Server tried to obtain contact with subject at 1700 hours and subject refused to accept documents.

On November 14, ABC made one last attempt to serve Rios at the Des Moines address with the summons, personal injury complaint, and order setting civil case schedule. After Rios "absolutely refuse[d] to accept legal documents," the process server returned with the apartment manager and tried a second time to serve Rios. A woman from inside the apartment spoke to the process server but did not open the door.

<u>Service on the Secretary of State</u>

On December 3, Cito filed a "Notice of Service on the Secretary of State" and a "Declaration of Compliance." The Declaration of Compliance describes the numerous unsuccessful attempts to personally serve Rios.

> I have with due diligence determined that the defendant cannot be served. . . . On December 3, 2015, this office sent a copy of the Summons, Complaint, Plaintiff's Declaration of Compliance, Plaintiff Counsel's Declaration of Compliance, the Case Schedule, and the Notice of Service to the Secretary of State, by Registered Mail with Return Receipt Requested to Defendant Jennifer Rios at 2701 S. 224th St., Apt. H304, Des Moines, WA 98199.

Cito sent a copy of the summons, complaint, case schedule, notice of service on the secretary of state, and declaration of compliance by registered mail to Rios at the Des Moines address. On December 7, ABC filed a "Declaration of Service of Letter; $50 Check Made Payable to the Secretary of State; Plaintiff[']s Declaration of Compliance; Plaintiff Counsel's Declaration of Compliance; [2 Sets] Summons; [2 Sets] Complaint for Personal Injuries; [2 Sets] Order Setting Civil Case Schedule."[4]

---

[4] First alteration added.

On January 11, 2016, Rios filed an answer to the complaint. Rios asserted a number of affirmative defenses, including improper service of process and lack of personal jurisdiction.

Motion to Dismiss and May 20, 2016 Order

Rios filed a motion to dismiss for improper service of process and lack of personal jurisdiction. Citing Huff v. Budbill, 141 Wn.2d 1, 14, 1 P.3d 1138 (2000), Rios argued a plaintiff is authorized to serve the secretary of state "only if (1) the defendant has departed the state, or (2) the plaintiff has a good faith belief the defendant has departed and has exercised due diligence in attempting to locate the defendant." Rios filed a declaration in support of the motion to dismiss. Rios listed several previous addresses, including the address in the Police Traffic Collision Report. Rios states, "I live in the State of Washington and have lived at the following Washington address since June 11, 2015: 2701 S. 224th Street, Apt. H304, Des Moines, WA 98198." Rios asserted that because she has lived at the Des Moines address since 2015, service was improper and the lawsuit was barred by the three-year statute of limitations.

In response to the motion to dismiss, Cito pointed out that the legislature amended the statute after the Washington Supreme Court decision in Huff in 2000. In 2003, the legislature deleted the language "departs from this state." LAWS OF 2003, ch. 223, § 1. The legislature amended the statute to state that if within three years following the collision the resident motorist "cannot, after a due and diligent search, be found in this state," the motorist "appoints the secretary of state" to accept service of process. LAWS OF 2003, ch. 223, § 1.[5] Cito argued the statute authorized service on the

---

[5] Some emphasis added.

secretary of state because after a due and diligent search and repeated attempts at service, Rios could not be "found" for purposes of service of process.

The court requested additional briefing on the meaning of the word "found." Before Cito filed her supplemental response brief, the court granted the motion to dismiss. On May 20, 2016, the court dismissed the lawsuit with prejudice.

Motion to Vacate and January 23, 2017 Order of Dismissal

On May 31, 2016, Cito filed a CR 60(b)(1) motion to vacate the May 20, 2016 order of dismissal in superior court. The case was transferred to a different superior court judge. On June 20, Cito filed a notice of appeal of the May 20, 2016 order of dismissal. On January 12, the court granted Cito's CR 60 motion to vacate the May 20, 2016 order.

The court held a hearing on the motion to dismiss and considered the supplemental briefs. In her supplemental brief, Rios argued the language "cannot . . . be found"[6] means "a plaintiff is unable to locate a defendant's address." Rios claimed service on the secretary of state was improper because Cito "had actual knowledge" of her address. In her supplemental brief in opposition to the motion to dismiss, Cito argued that as amended, "found" as used in RCW 46.64.040 means that a defendant "cannot . . . be found" if the defendant is intentionally avoiding service and cannot be served.

The court granted the motion to dismiss. The January 23, 2017 order states, in pertinent part:

> [T]he Court concludes that the Defendant was not properly served with the summons and complaint.
>
>      . . . .

---

[6] RCW 46.64.040.

7

Service through the Secretary of State pursuant to RCW 46.64.040 was not appropriate in this case because [Cito]'s process server in fact "found" [Rios] at her last known Washington address. The process server's affidavit states that the server actually spoke to a person inside the home whom he believed to be [Rios] and the neighbors confirmed she lived in this location. Under these unique facts, [Cito] found [Rios] in-state and substitute service through the Secretary of State was not permissible.

Cito appealed the January 23, 2017 order granting the motion to dismiss. We consolidated the appeal of the January 23, 2017 order with the previous appeal of the May 20, 2016 order dismissing the lawsuit. Because the trial court vacated the May 20, 2016 order of dismissal, we address only the order of dismissal entered on January 23, 2017.

RCW 46.64.040

Cito contends the court erred in dismissing her personal injury complaint on the grounds that she did not properly serve Rios as authorized by RCW 46.64.040. We review de novo whether service of process is proper. Heinzig v. Seok Hwang, 189 Wn. App. 304, 310, 354 P.3d 943 (2015).

RCW 46.64.040 states, in pertinent part:

The acceptance by a nonresident of the rights and privileges conferred by law in the use of the public highways of this state, as evidenced by his or her operation of a vehicle thereon, or the operation thereon of his or her vehicle with his or her consent, express or implied, shall be deemed equivalent to and construed to be an appointment by such nonresident of the secretary of state of the state of Washington to be his or her true and lawful attorney upon whom may be served all lawful summons and processes against him or her growing out of any accident, collision, or liability in which such nonresident may be involved while operating a vehicle upon the public highways, or while his or her vehicle is being operated thereon with his or her consent, express or implied, and such operation and acceptance shall be a signification of the nonresident's agreement that any summons or process against him or her which is so served shall be of the same legal force and validity as if served on the nonresident personally within the state of Washington. Likewise each resident of this state who, while operating a motor vehicle on the public

highways of this state, is involved in any accident, collision, or liability and thereafter at any time within the following three years cannot, after a due and diligent search, be found in this state appoints the secretary of state of the state of Washington as his or her lawful attorney for service of summons as provided in this section for nonresidents. Service of such summons or process shall be made by leaving two copies thereof with a fee established by the secretary of state by rule with the secretary of state of the state of Washington, or at the secretary of state's office, and such service shall be sufficient and valid personal service upon said resident or nonresident: PROVIDED, That notice of such service and a copy of the summons or process is forthwith sent by registered mail with return receipt requested, by plaintiff to the defendant at the last known address of the said defendant, and the plaintiff's affidavit of compliance herewith are appended to the process, together with the affidavit of the plaintiff's attorney that the attorney has with due diligence attempted to serve personal process upon the defendant at all addresses known to him or her of defendant and further listing in his or her affidavit the addresses at which he or she attempted to have process served. However, if process is forwarded by registered mail and defendant's endorsed receipt is received and entered as a part of the return of process then the foregoing affidavit of plaintiff's attorney need only show that the defendant received personal delivery by mail.[7]

The purpose of RCW 46.64.040 is clear. In exchange for the privilege of operating a motor vehicle on the public highways of Washington, motorists consent to service of process on the secretary of state. RCW 46.64.040. Service on the secretary of state is " ' "a valid exercise of the police power based upon the right of the State to regulate the use of its highways for their protection, and the protection of persons and property within the state." ' " Martin v. Meier, 111 Wn.2d 471, 476, 760 P.2d 925 (1988) (quoting Tellier v. Edwards, 56 Wn.2d 652, 654, 354 P.2d 925 (1960) (quoting Ogdon v. Gianakos, 415 Ill. 591, 597, 114 N.E.2d 686 (1953))). Service on the secretary of state and the statutory procedure to mail notice to the defendant's last known address after due diligence in attempting to personally serve the defendant satisfies due process

---

[7] Emphasis added.

requirements. Martin, 111 Wn.2d at 478 (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).

The dispositive question in this appeal is the meaning of the statutory language that authorizes service on the secretary of state where a resident involved in an automobile collision cannot "be found in this state." RCW 46.64.040. RCW 46.64.040 states that where a resident is involved in a collision and "after a due and diligent search" within the following three years the motorist cannot "be found in this state," the motorist appoints the secretary of state "as his or her lawful attorney for service."

Statutory interpretation is a question of law that we review de novo. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Our objective is to ascertain and give effect to legislative intent. Campbell & Gwinn, 146 Wn.2d at 9-10.

We begin with the text and the plain meaning of the statute as the expression of the intent of the legislature. Bostain v. Food Express, Inc., 159 Wn.2d 700, 708, 153 P.3d 846 (2007); City of Spokane v. Spokane County, 158 Wn.2d 661, 673, 146 P.3d 893 (2006); Campbell & Gwinn, 146 Wn.2d at 9-10. We discern plain meaning from "the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole." Columbia Riverkeeper v. Port of Vancouver USA, 188 Wn.2d 421, 432, 395 P.3d 1031 (2017). If the plain language of the statute is subject to only one interpretation, our inquiry is at an end. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010).

The undisputed record establishes Cito exercised due diligence to personally serve Rios with the summons, the personal injury complaint, and the case schedule. See Martin, 111 Wn.2d at 482 (due diligence requires the plaintiff to make "honest and reasonable efforts to locate the defendant").

The parties dispute the meaning of the word "found" as used in RCW 46.64.040. Under the well established statutory construction principle of noscitur a sociis, a single word in a statute is not to be read in isolation. Jongeward v. BNSF Ry. Co., 174 Wn.2d 586, 601, 278 P.3d 157 (2012). Instead, the meaning of a word is indicated or controlled by other associated words. Jongeward, 174 Wn.2d at 601. When interpreting a statutory term, we must take into consideration the meaning from the statutory context. Jongeward, 174 Wn.2d at 601. Another well settled principle of statutory construction is that we must construe and interpret a statute to give effect to all the language used and avoid a construction that would render a portion of a statute meaningless or superfluous. Jongeward, 174 Wn.2d at 601; Davis v. Dep't of Licensing, 137 Wn.2d 957, 963, 977 P.2d 554 (1999); Ford Motor Co. v. City of Seattle, 160 Wn.2d 32, 41, 156 P.3d 185 (2007). Ultimately, in resolving the meaning of a statutory term, we adopt the interpretation that best advances the legislative purpose. Citizens Alliance for Prop. Rights Legal Fund v. San Juan County, 184 Wn.2d 428, 437, 359 P.3d 753 (2015).

> The plain and unambiguous language of the statute states that where a resident,
>
> while operating a motor vehicle on the public highways of this state, is involved in any accident, collision, or liability and thereafter at any time within the following three years cannot, after a due and diligent search, be

found in this state appoints the secretary of state of the state of
Washington as his or her lawful attorney for service of summons.

RCW 46.64.040. In context, the word "found" immediately precedes the phrase
"appoints the secretary of state of the state of Washington as his or her lawful attorney
for service of summons." RCW 46.64.040. We hold the word "found" as used in RCW
46.64.040 means "found" for purposes of service of process.[8]

Legislative history supports our holding. When originally enacted in 1937, RCW
46.64.040 authorized service on the secretary of state for only nonresident motorists.
LAW OF 1937, ch. 189, § 129. In 1957, the legislature amended the statute to authorize
service on the secretary of state for a "resident of this state who," within three years of
the motor vehicle collision, "departs from this state." LAWS OF 1957, ch. 75, § 1.[9]
Former RCW 46.64.040 (1957) stated, in pertinent part:

> [E]ach resident of this state who, while operating a motor vehicle on the
> public highways of this state, is involved in any accident, collision or
> liability and thereafter within three years departs from this state appoints
> the secretary of state of the state of Washington as his lawful attorney for
> service of summons as provided in this section for nonresidents.

In Huff, the Washington Supreme Court held the phrase "departs from this state"
is not synonymous with the phrase "cannot be found in this state." Huff, 141 Wn.2d at
11. Following the decision in Huff, the legislature amended RCW 46.64.040 as passed
by the House Judiciary Committee. LAWS OF 2003, ch. 223, § 1; H.B. 1226, 58th Leg.,

---

[8] We also note that under the statute that allows for service by publication, RCW 4.28.100(2), a plaintiff must show the defendant cannot be found. To show a defendant cannot be found, the plaintiff must demonstrate that he or she "made reasonably diligent efforts to personally serve the defendant." Boes v. Bisiar, 122 Wn. App. 569, 574, 94 P.3d 975 (2004) (emphasis added). In Harvey v. Obermeit, 163 Wn. App. 311, 322, 261 P.3d 671 (2011), we state that "[w]hile RCW 46.64.040 uses the word 'found,' . . . the due diligence inquiry focuses on a plaintiff's efforts to physically find and serve the defendant." (Emphasis in original.)

[9] Emphasis added.

Reg. Sess. (Wash. 2003). The legislature deleted the language "departs from this state" and changed the language to "cannot, after a due and diligent search, be found in this state." LAWS OF 2003, ch. 223, § 1; see In re Pers. Restraint of Quackenbush, 142 Wn.2d 928, 936, 16 P.3d 638 (2001) (when amending a statute, the legislature is presumed to know how the courts have interpreted and applied the statute); see also WR Enters., Inc. v. Dep't of Labor & Indus., 147 Wn.2d 213, 222, 53 P.3d 504 (2002) (when the legislature makes a material change in the wording of a statute the court presumes a change in legislative purpose).

The House Judiciary Committee cites the Washington Supreme Court decision that "a person who cannot be found in the state is not the equivalent of the statute's requirement that the resident 'departs from this state' " as the reason for the amendment. H.B. REP. ON H.B. 1226, at 2, 58th Leg., Reg. Sess. (Wash. 2003). The report proposes changing the language as follows:

> A state resident involved in a motor vehicle accident while operating a motor vehicle on a state public highway may be served by substitute service of process on the Secretary of State if the resident cannot be found in Washington, after a due and diligent search, at any time within the three years following the event.

H.B. REP. ON H.B. 1226, at 2. The report describes the purpose of the amendment:

> [T]o provide a method for serving motorists who cannot be found in the state. It will apply only when the process server has diligently attempted through all available methods to serve process and is unable to do so. The only beneficiaries of the current system are those people who intentionally and successfully avoid process.

H.B. REP. ON H.B. 1226, at 2.

Because the undisputed record establishes that despite due diligence and repeated efforts to serve Rios, she could not be found for purposes of service of

process, service on the secretary of state under RCW 46.64.040 was proper. We

reverse dismissal of the lawsuit and remand.

WE CONCUR: